Tina Wolfson (SBN 174806)
Robert Ahdoot (SBN 172098)
**AHDOOT & WOLFSON, PC**
2600 W. Olive Ave. Suite 500
Burbank, CA 91505
Tel: (310) 474-9111
Fax: (310) 474-8585
twolfson@ahdootwolfson.com
rahdoot@ahdootwolfson.com

Jean S. Martin (admitted pro hac vice)
**MORGAN AND MORGAN COMPLEX LITIGATION GROUP**
201 N. Franklin Street, 7th Floor
Tampa, Florida 33602
Tel: (813) 559-4908
Fax: (813) 223-5402
jeanmartin@forthepeople.com

William J. Edelman (SBN 285177)
**MILBERG, PLLC**
227 West Monroe Street, Suite 2100
Chicago, IL 60606
Tel: (771) 474-1121
wedelman@milberg.com

*Proposed Interim Co-Lead Counsel*
*[Additional counsel listed in signature block]*

**UNITED STATES DISTRICT COURT FOR THE**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| S.K. and E.K., minors, by and through their guardian, RICHARD KESTER, individually and on behalf of all other similarly situated individuals,<br><br>Plaintiffs,<br><br>v.<br><br>DISNEY WORLDWIDE SERVICES, INC., a corporation; DISNEY ENTERTAINMENT OPERATIONS LLC, a limited liability company,<br><br>Defendants. | Case No. 2:25-CV-008410-GW-RAO<br><br>Complaint Filed: September 5, 2025<br><br>**PLAINTIFFS' RESPONSE TO STIPULATION FOR ENTRY OF PERMANENT INJUNCTION IN CASE NO. 2:25-CV-08223**<br><br>Date: December 11, 2025<br>Time: 8:30 AM<br>Courtroom: 9D<br>Judge: Hon. George H. Wu |

– i –

**PLAINTIFFS' RESPONSE TO STIPULATION FOR INJUNCTION**

| | |
|---|---|
| JANE DOE, minor, by and through their guardian, VERONIKA PIKEEVA, individually and on behalf of all other similarly situated individuals,<br><br>　　　　　Plaintiffs,<br>　v.<br><br>DISNEY WORLDWIDE SERVICES, INC., a corporation; DISNEY ENTERTAINMENT OPERATIONS LLC, a limited liability company,<br><br>　　　　　Defendants. | Case No. 2:25-cv-08518-GW-RAO<br><br>Complaint Filed: September 8, 2025<br><br>Hon. George H. Wu |
| HEATHER GRABOW, on behalf of her minor child, M.G., and all others similarly situated,<br><br>　　　　　Plaintiffs,<br>　v.<br><br>DISNEY WORLDWIDE SERVICES, INC., a corporation; DISNEY ENTERTAINMENT OPERATIONS LLC, a limited liability company,<br><br>　　　　　Defendants. | Case No. 2:25-cv-08674-GW-RAO<br><br>Complaint Filed: September 12, 2025<br><br>Hon. George H. Wu |
| ASHLEY POPA, on behalf of her minor children, J.D. and J.D., and all others similarly situated,<br><br>　　　　　Plaintiffs,<br>　v.<br><br>DISNEY WORLDWIDE SERVICES, INC.; DISNEY ENTERTAINMENT OPERATIONS LLC; and THE WALT DISNEY COMPANY,<br><br>　　　　　Defendants. | Case No. 2:25-cv-09390-GW-RAO<br><br>Complaint Filed: October 2, 2025<br><br>Hon. George H. Wu |

**PLAINTIFFS' RESPONSE TO STIPULATION FOR INJUNCTION**

| | |
|---|---|
| A.L., minor, by and through guardian Jessica Savich, and all others similarly situated,<br><br>        Plaintiffs,<br>  v.<br><br>DISNEY WORLDWIDE SERVICES, INC., a Florida corporation, and DISNEY ENTERTAINMENT OPERATIONS LLC, a Florida limited liability company, and The Walt Disney Company, a Delaware corporation,<br><br>        Defendants. | Case No.: 2:25-cv-09429-GW-RAO<br><br>Complaint Filed: October 2, 2025<br><br>Hon. George H. Wu |
| C.R., C.R., and C.R., minors, by and through their guardian ad litem, KIMBERLY SOBALVARRO, individually and on behalf of all other similarly situated individuals,<br><br>        Plaintiffs,<br>  v.<br><br>DISNEY WORLDWIDE SERVICES, INC., a corporation; DISNEY ENTERTAINMENT OPERATIONS LLC, a limited liability company,<br><br>        Defendants. | Case No. 2:25-cv-09928-GW-RAO<br><br>Complaint Removed: October 16, 2025<br><br>Hon. George H. Wu |

**PLAINTIFFS' RESPONSE TO STIPULATION FOR INJUNCTION**

## I. INTRODUCTION

Plaintiffs, S.K., E.K., Jane Doe, M.G., J.D., J.D., A.L., C.R., C.R., and C.R. (collectively "Plaintiffs") in the above-captioned matters, *S.K. et al. v. Disney Worldwide Services, Inc. et al.,* No. 2:25-cv-08410, *Doe et al. v. Disney Worldwide Services, Inc. et al.,* No. 2:25-cv-08518, *M.G. v. Disney Worldwide Services, Inc. et al.,* No. 2:25-cv-08674, *Popa v. Disney Worldwide Services, Inc., et al.*, Case No. 2:25-cv-09390, *A.L. et al. v. Disney Worldwide Services, Inc., et al.,* Case No. 2:25-cv-09429, and *C.R. et al. v. Disney Worldwide Services, Inc. et al.*, No. 2:25-cv-09928 (the "Related Cases"[1]), respectfully submit this Response to the Stipulation for Entry of Order for Permanent Injunction, Civil Penalty Judgment, and Other Relief, along with the Proposed Order, and "reasons for settlement" document (collectively the "Stipulation") in *United States of America v. Disney Worldwide Services, Inc., et al.*, Case No. 2:25-cv-08223 (the "Government Action")[2] pursuant to the Court's November 10, 2025 Minute Order. In that order, the Court allowed "any counsel in a Related Case to submit written comments on the Stipulation and proposed injunction which they wish to proffer." ECF No. 33.[3] The Court's invitation included a request that Plaintiffs' counsel address "whether any injunction issued in the [Government Action] here would render moot any requested injunctive relief in the Related Cases." *Id*. at 2 n.4.

---

[1] An additional case that is the subject of a pending consolidation motion, *Bui v. Walt Disney Co.*, No. 2:25-cv-09920-GW-RAO is also a related case for purposes of consolidation. Undersigned counsel do not represent the plaintiffs in *Bui*.

[2] The Defendants in the Related Cases and the Government Action overlap but are not identical. For example, in some Related Cases The Walt Disney Company is named as an additional Defendant. For purposes of this filing, Defendants (1) Disney Worldwide Services, Inc., (2) Disney Entertainment Operations LLC, and (3) The Walt Disney Company are collectively referred to as "Defendants" or "Disney."

[3] All references herein to "ECF Nos. __" are referencing docket entries on the *S.K. et al. v. Disney Worldwide Services, Inc. et al.,* No. 2:25-cv-08410 (the lead docket), unless otherwise noted.

– 1 –
**PLAINTIFFS' RESPONSE TO STIPULATION FOR INJUNCTION**

As the Court noted, Plaintiffs in the Related Cases do not have standing to object to the proposed stipulated permanent injunction between the Federal Trade Commission ("FTC") and Defendants. *See id*. at 2 n.3. Accordingly, Plaintiffs do not ask the Court to reject or modify the Stipulation; instead, Plaintiffs provide limited comments on the relationship between the government's injunctive relief and the relief sought in the Related Cases, and a response to the Court's question regarding mootness.

Plaintiffs respectfully submit that the Stipulation (if approved) will inform the proper scope and structure of any additional injunctive relief the Court ultimately finds appropriate in the Related Cases after consolidation, discovery, and development of a factual record. The Stipulation does not, however, render injunctive relief requests in the Related Cases *per se* improper or moot.

## II. ARGUMENT

### a. The Effect of the Stipulation on the Scope of Private Injunctive Relief Should Be Addressed After Consolidation and Further Factual Development

In conjunction with their bid for consolidation,[4] Plaintiffs expect to draft a consolidated complaint. That consolidated pleading will refine the factual allegations and contours of specific injunctive relief sought.

Injunctive relief is an equitable remedy that is highly dependent on the factual record. *See Astiana v. Ben & Jerry's Homemade, Inc.*, No. 10-cv-4387, 2011 WL 2111796, at *13 (N.D. Cal. May 26, 2011) ("the availability of injunctive relief cannot be determined until the parties have developed the factual record"); *Reese v. Odwalla, Inc.*, No. 13-cv-947, 2017 WL 565095, at *6 (N.D. Cal. Feb. 13, 2017) (same). The Related Cases will almost certainly extend beyond the anticipated entry of the Stipulation. As such, discovery, motion practice, and any class-certification

---

[4] Plaintiffs filed a motion to consolidate and appoint leadership (*see* ECF No. 28) on October 17, 2025 which has been set for hearing in front of this Court on December 11, 2025. *See* ECF No. 32.

proceedings will generate a richer factual record and allow the parties and the Court to observe how Disney interprets and applies the Stipulation in practice—*i.e.*, how it reviews and classifies content, how it trains employees, how it interfaces with consumers, and whether any gaps or workarounds emerge. Thus, new facts may come to light which could bear on whether complementary or additional injunctive relief is appropriate.

Thus, the propriety, necessity, and scope of any injunction in the Related Cases will depend on evidence that does not yet exist in the record. At some later stage, Defendants will be free to argue that any incremental injunctive relief requested in the Related Cases is unwarranted or that the Stipulation already provides sufficient protection. For now, however, Plaintiffs respectfully submit the Court should defer any conclusions regarding the appropriateness of injunctive relief in the Related Cases.

### b. The FTC's Stipulated Injunction Does Not Moot the Private Plaintiffs' Claims for Injunctive Relief

A government enforcement action, even one resulting in a comprehensive consent decree, does not moot private litigants' equitable relief that is tailored to their own causes of action and injuries. The court in *Kurtz v. Kimberly-Clark Corp.*, 321 F.R.D. 482 (E.D.N.Y. 2017) addressed this issue. There, the defendants argued that plaintiffs' claims were "prudentially moot" because of a consent order and injunction secured by the FTC for similar conduct. *Id*. at 545. The court rejected this argument, finding "[p]laintiff's bid for injunctive relief has not been mooted." *Id*. at 546. The court noted that:

> the mere existence of this third-party agreement does not render moot the request for injunctive relief. A promise made to an administrative agency to do something—or to refrain from doing something—does not assure that no violation has occurred or will occur or that the effects of any past violation have been completely and irrevocably eradicated.

*Id.* at 545. The court went on to find that the specifics of the consent order in that case did not afford plaintiff "complete relief." *Id.* In other words, the consent order there did not align completely with the plaintiffs' requested injunctive relief and therefore the civil plaintiffs' claims were not moot. *Id.* at 546.

Other cases are in accord. *See Dasrath v. Cont'l Airlines, Inc.*, No. 02-cv-2683, 2006 WL 372980, at *7 (D.N.J. Feb. 16, 2006) (court rejected argument that plaintiffs' injunctive relief claims were mooted by defendant entering into a consent order stating "[t]hat contention is not entirely correct because an injunction from this court could further deter [defendant] from engaging in future unlawful discrimination, as violation of such an injunction could result in penalties above and beyond that provided in the consent order."); *see also Dickerson v. U.S. Steel Corp.*, 64 F.R.D. 351, 360 (E.D. Pa. 1974) ("[t]his Court might, if plaintiffs are successful on the merits, issue an injunction differing from the [consent decree] in Allegheny-Ludlum in the specifics of its scope or implementation.")

Here, the Stipulation in the Government Action resolves claims brought by the FTC against Disney and obliges Defendants to: (i) pay a $10 million civil penalty; (ii) cease the alleged practice of failing to designate certain videos as "for kids;" and (iii) implement and document a new program to review videos and ensure they bear appropriate designations. *See* Government Action at ECF Nos. 4-1 at 12-16. The Related Cases, on the other hand, are private putative class actions brought on behalf of affected consumers and their children. They assert statutory and common-law claims arising out of Defendants' conduct and seek, among other remedies, (1) monetary relief for the class (which is not provided for in the Stipulation)[5] and (2) additional, consumer-focused injunctive relief tailored to the

---

[5] Indeed, the Stipulation provides for a $10 million civil penalty payable **to the government**; but does not create any mechanism for monetary redress to individual consumers. By contrast, the Related Cases seek substantial monetary relief—damages, restitution, and/or disgorgement—on behalf of a putative class. Whatever

– 4 –

**PLAINTIFFS' RESPONSE TO STIPULATION FOR INJUNCTION**

claims and harms alleged in the Related Cases. *See generally* ECF No. 1; *see also M.G. v. Disney Worldwide Servs., Inc. et al.*, No. 2:25-cv-08674, at ECF No. 1 at 22-23.[6]

Ultimately, the Court may conclude that some of the requested injunctive relief is unnecessary in light of the Stipulation. Or the Court may find that narrowly tailored, complementary injunctive relief is appropriate to ensure that private rights are fully vindicated. At this stage, however, it is far too early to say that the Stipulation has so completely addressed all relevant future harms that no injunctive relief is warranted in the Related Cases.

### III.  CONCLUSION

Plaintiffs in the Related Cases appreciate the Court's invitation to comment and opportunity to opine on the relationship between the Stipulation and the requested injunctive relief in the Related Cases. While Plaintiffs agree that the Stipulation will, at some later stage, inform and limit the scope of any additional injunctive relief ultimately sought or awarded in the Related Cases, the Stipulation does not moot requests for such relief.

Dated: November 21, 2025               Respectfully Submitted,

                                       */s/ William J. Edelman*
                                       William J. Edelman (SBN 285177)
                                       **MILBERG, PLLC**
                                       227 West Monroe Street, Suite 2100
                                       Chicago, IL 60606
                                       Tel: (771) 474-1121
                                       wedelman@milberg.com

---

effect the Stipulation has on future conduct, it does not compensate the class for past injuries.

[6] In addition, Plaintiffs' claims for equitable relief—although not injunctive in nature—include disgorgement of profits into a trust or fund for the benefit of the class. *See id.* at 21-22. This is also not required by the Stipulation.

– 5 –
**PLAINTIFFS' RESPONSE TO STIPULATION FOR INJUNCTION**

Tina Wolfson (SBN 174806)
Robert Ahdoot (SBN 172098)
**AHDOOT & WOLFSON, PC**
2600 W. Olive Ave. Suite 500
Burbank, CA 91505
Tel: (310) 474-9111
Fax: (310) 474-8585
twolfson@ahdootwolfson.com
rahdoot@ahdootwolfson.com

Jean S. Martin (admitted pro hac vice)
**MORGAN AND MORGAN COMPLEX LITIGATION GROUP**
201 N. Franklin Street, 7th Floor
Tampa, Florida 33602
Tel: (813) 223-5505
Fax: (813) 223-5402
jeanmartin@forthepeople.com

*Proposed Interim Co-Lead Counsel*

Blake Hunter Yagman (pro hac vice forthcoming)
**SCHONBRUN SEPLOW HARRIS HOFFMAN & ZELDES, LLP**
1330 Avenue of the Americas, Suite 23A,
New York, NY 10019
P: (929) 709-1493
byagman@sshhzlaw.com

Kas L. Gallucci (SBN 288709)
Alexis M. Wood (SBN 270200)
**LAW OFFICES OF RONALD A. MARRON**
651 Arroyo Drive
San Diego, CA 92108
Tel.: (619) 696-9006
Fax: (619) 564-6665
Kas@consumersadvocates.com
Alexis@consumersadvocates.com

M. Anderson Berry (SBN 262879)
**EMERY REDDY, PLLC**
600 Stewart Street, Suite 1100
Seattle, WA 98101
Tel: 916.823.6955
Fax: 206.441.8711
anderson@emeryreddy.com

William Darryl Harris, II (pro hac vice)
Ryan Wagenleitner (SBN 262408)
**HARRIS LEGAL ADVISORS LLC**
3136 Kingsdale Center, Suite 246
Columbus, OH 43221
Tel: (614) 504-3350

– 6 –
**PLAINTIFFS' RESPONSE TO STIPULATION FOR INJUNCTION**

Fax: (614) 340-1940
will@harrislegaladvisors.com
ryan@harrislegaladvisors.com

Tiffine E. Malamphy (CA SBN 312239)
**LYNCH CARPENTER, LLP**
117 E. Colorado Blvd., Suite 600
Pasadena, CA 91105
Tel: (213) 723-0707
Fax: (858) 313-1850
tiffine@lcllp.com

Connor P. Hayes (pro hac vice)
**LYNCH CARPENTER, LLP**
1133 Penn Ave., 5th Floor
Pittsburgh, PA 15222
Tel: (412) 322-9243
Fax: (412) 231-0246
connorh@lcllp.com

*Proposed Plaintiffs' Steering Committee*

**PLAINTIFFS' RESPONSE TO STIPULATION FOR INJUNCTION**