**KELLEY DRYE & WARREN LLP**
Rebecca B. Durrant (SBN 350444)
rdurrant@kelleydrye.com
350 South Grand Avenue, Suite 3800
Los Angeles, California 90071
Telephone: (213) 547-4900
Facsimile: (213) 547-4901

**KELLEY DRYE & WARREN LLP**
Lauri A. Mazzuchetti (*pro hac vice*)
lmazzuchetti@kelleydrye.com
7 Giralda Farms, Suite 340
Madison, New Jersey 07940
Telephone: (973) 503-5910
Facsimile: (973) 503-5950

Attorneys for Defendants
DISNEY WORLDWIDE SERVICES, INC.
and DISNEY ENTERTAINMENT
OPERATIONS LLC

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

S.K. and E.K., minors, by and through their guardian, RICHARD KESTER, individually and on behalf of all other similarly situated individuals,

Plaintiffs,

v.

DISNEY WORLDWIDE SERVICES, INC., a corporation and DISNEY ENTERTAINMENT OPERATIONS, LLC, a limited liability company,

Defendants.

Case No. 2:25-cv-08410-GW-RAO

**DEFENDANTS' COMMENTS ON THE STIPULATION FOR ENTRY OF ORDER FOR PERMANENT INJUNCTION, CIVIL PENALTY JUDGMENT, AND OTHER RELIEF IN CASE NO. 2:25-CV-08223**

Date: December 11, 2025
Time: 8:30 a.m.
Dept: 9D
Judge: Hon. George H. Wu

| | |
|---|---|
| JANE DOE, minor, by and through their guardian, VERONIKA PIKEEVA, individually and on behalf of all other similarly situated individuals,<br><br>Plaintiff,<br><br>v.<br><br>DISNEY WORLDWIDE SERVICES, INC., a corporation; DISNEY ENTERTAINMENT OPERATIONS LLC, a limited liability company,<br><br>Defendants. | Case No.: 2:25-cv-08518-GW-RAO<br><br>Complaint Filed: September 8, 2025<br><br>Hon. George H. Wu |
| HEATHER GRABOW, on behalf of her minor child, M.G., and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>DISNEY WORLDWIDE SERVICES, INC., a corporation, and DISNEY ENTERTAINMENT OPERATIONS LLC, a limited liability company,<br><br>Defendants. | Case No.: 2:25-cv-08674-GW-RAO<br><br>Complaint Filed: September 12, 2025<br><br>Hon. George H. Wu |
| ASHLEY POPA, on behalf of her minor children, J.D. and J.D., individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>DISNEY WORLDWIDE SERVICES, INC.; DISNEY ENTERTAINMENT OPERATIONS LLC; and THE WALT DISNEY COMPANY,<br><br>Defendants. | Case No. 2:25-cv-09390-GW-RAO<br><br>Complaint Filed: October 2, 2025<br><br>Hon. George H. Wu |

| | |
|---|---|
| A.L., minor, by and through guardian JESSICA SAVICH, and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>DISNEY WORLDWIDE SERVICES, INC., a Florida corporation, and DISNEY ENTERTAINMENT OPERATIONS LLC, a Florida limited liability company, and THE WALT DISNEY COMPANY, a Delaware corporation,<br><br>Defendants. | Case No.: 2:25-cv-09429-GW-RAO<br><br>Complaint Filed: October 2, 2025<br><br>Hon. George H. Wu |
| C.R., C.R., and C.R., minors, by and through their guardian ad litem, KIMBERLY SOBALVARRO, individually and on behalf of all other similarly situated individuals,<br><br>Plaintiffs,<br><br>v.<br><br>DISNEY WORLDWIDE SERVICES, INC., a corporation, DISNEY ENTERTAINMENT OPERATIONS LLC, a limited liability company,<br><br>Defendants. | Case No. 2:25-cv-09928-GW-RAO<br><br>Complaint Removed: October 16, 2025<br><br>Hon. George H. Wu |

| | |
|---|---|
| HANNAH BUI, JANICE LEBLANC, and TERESA CONTRERAS, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>THE WALT DISNEY COMPANY, DISNEY ENTERTAINMENT OPERATIONS LLC, DISNEY WORLDWIDE SERVICES, INC., GOOGLE LLC, and YOUTUBE LLC,<br><br>Defendants. | Case No. 2:25-cv-09920-GW-RAO<br><br>Complaint Filed: October 16, 2025<br><br>Hon. George H. Wu |

## TABLE OF CONTENTS


Page

I. INTRODUCTION .......... 2

II. BACKGROUND .......... 3

A. YouTube Collects Data from Users of the YouTube Platform; Disney Does Not .......... 3

B. As a Result of a 2019 FTC Settlement, YouTube Required Channel Owners (Including Disney) to Designate Content as Child-Directed or Not Child-Directed Either at the Channel Level or By Video .......... 4

C. DOJ/FTC and Disney Reached a Settlement of Disputed Claims of Alleged COPPA Violations .......... 6

D. Private Plaintiffs Filed the Related Cases Immediately After DOJ/FTC's Settlement with Disney Became Public .......... 7

III. RESPONSIVE COMMENTS .......... 8

A. The FTC's Stipulated Injunction Should Not Include Other Provisions Because It Addresses the Alleged Conduct in its Present Form .......... 8

B. The FTC's Stipulated Injunction Moots Plaintiffs' Claims for Injunctive Relief in the Related Cases Because It Provides All of the Injunctive Relief that Private Plaintiffs Have or Could Seek .......... 9

C. The *Bui* Comments Regarding the Stipulation's Monetary Terms Should Be Rejected; Private Plaintiffs Should Not Be Permitted to Second Guess the DOJ's/FTC's Judgment, Particularly When the Comments Are Based on Speculation That Lacks Context .......... 11

IV. CONCLUSION .......... 12

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Already, LLC v. Nike*,
568 U.S. 85 (2013) .......... 10

*In re Betterhelp, Inc.*,
Case No. 23-cv-01033, 2024 WL 4504527 (N.D. Cal. Oct.15, 2024) .......... 10, 11

*Fed. Trade Comm'n v. Google LLC*,
Case No. 19-cv-02642 (D.D.C. Sept. 10, 2019) .......... 4

*Hubbard v. Google LLC*,
Case No. 19-cv-07016-SVK, 2025 WL 82211 (N.D. Cal. Jan. 13, 2025) .......... 4

*iMortgage Servs., LLC v. Louisiana Real Estate Appraisers Board*,
658 F. Supp. 3d 316 (M.D. La. 2023) .......... 10

*Nat'l Farmers' Org., Inc. v. Associated Milk Producers, Inc.*,
850 F.2d 1286 (8th Cir. 1988) .......... 10, 11

*In re Pre-Filled Propane Tank Antitrust Litig.*,
893 F.3d 1047 (8th Cir. 2018) .......... 10, 11

**Statutes**

Children's Online Privacy Protection Act, 15 U.S.C. § 6502 .......... *passim*

Defendants Disney Worldwide Services, Inc. and Disney Entertainment Operations LLC (collectively, "Disney"), and The Walt Disney Company ("TWDC"),[1] respectfully submit the following responsive comments, as per the Court's Order entered on November 10, 2025, ECF No. 14 (the "Order"),[2] in the following cases:

- *United States of America v. Disney Worldwide Services, Inc., et al.*, Case No. 2:25-cv-08223 (the "Government Action"); and
- *S.K. et al. v. Disney Worldwide Services, Inc. et al.*, Case No. 2:25-cv-08410, *Doe et al. v. Disney Worldwide Services, Inc. et al.*, Case No. 2:25-cv-08518, *M.G. et al. v. Disney Worldwide Services, Inc. et al.*, Case No. 2:25-cv-08674, *Popa et al. v. Disney Worldwide Services, Inc., et al.*, Case No. 2:25-cv-09390, *A.L. et al. v. Disney Worldwide Services, Inc., et al.*, Case No. 2:25-cv-09429, *C.R. et al. v. Disney Worldwide Services, Inc. et al.*, Case No. 2:25-cv-09928, and *Bui et al. v. Walt Disney Co. et al.*, Case No. 2:25-cv-09920 (collectively, "Related Cases").

The Order permitted "any counsel in a Related Case to submit written comments on the Stipulation and proposed injunction which they wish to proffer," and included a request that plaintiffs' counsel address "whether any injunction issued in the [Government Action] here would render moot any requested injunctive relief in the Related Cases." (ECF No. 14 at 2.) The Order also invited any party to respond to plaintiffs' counsel's comments.

A group of counsel led by Milberg, PLLC, representing plaintiffs in the Related Cases, except for *Bui*, submitted comments on the docket in *S.K. et al. v.*

---

[1] TWDC is not a named defendant in the Government Action (as defined herein). It is named as a defendant only in *Popa*, Case No. 2:25-cv-09390, *A.L.*, Case No. 2:25-cv-09429, and *Bui*, Case No. 2:25-cv-09920. TWDC is not a proper defendant in these three cases; it is a holding company that did not (and does not) engage in any of the alleged wrongful conduct at issue.

[2] Unless otherwise indicated, references to "ECF Nos. __" are to docket entries in the Government Action. Disney is filing its responsive comments in the Government Action and the case entitled *S.K. et al. v. Disney Worldwide Services, Inc. et al.*, Case No. 2:25-cv-08410.

*Disney Worldwide Services, Inc. et al*. (the "Milberg Comments"). (*See* ECF No. 38 in Case No. 2:25-cv-08410.) Plaintiffs' counsel in *Bui* submitted comments on the docket in the Government Action (the "*Bui* Comments"). (*See* ECF No. 17.) Disney respectfully provides this submission in response to the Court's Order, the Milberg Comments and the *Bui* Comments.

## I. INTRODUCTION

The proposed Order for Permanent Injunction, Civil Penalty Judgment, and Other Relief (the "Stipulation") results from a highly contested negotiation regarding claims by the Department of Justice ("DOJ") and Federal Trade Commission ("FTC") that Disney violated the Children's Online Privacy Protection Act ("COPPA") by allegedly uploading certain "child-directed" videos on the YouTube platform without designating them as "made for kids." COPPA prohibits "***an operator of a website or online service*** directed to children, or any operator that has actual knowledge that it is collecting personal information from a child, ***[from] collect[ing] personal information from a child*** in a manner that violates the regulations prescribed under subsection (b)."[3]

Disney sharply contests the DOJ's/FTC's allegations, including because it is not an "operator" of an "online service" under COPPA with respect to its use of YouTube, and unquestionably does not engage in any data collection on the YouTube platform. Rather, Disney is one of many content creators (also referred to as "Channel Owners") that use the YouTube platform.[4] Disney and DOJ/FTC also

---

[3] 15 U.S.C. § 6502(a)(1) (emphasis added).

[4] Disney is not aware of any prior COPPA enforcement action that involved conduct on a third-party platform where the subject of the enforcement action did not own or operate that platform or have the ability to collect personal information. Earlier this year, a California court confronted with similar arguments regarding the purported application of COPPA as to other YouTube Channel Owners, held that relevant Channel Owners on the YouTube platform could not have violated COPPA because they did not collect any user data. *See Hubbard v. Google, LLC*, 19-cv-07016-SVK, 2025 WL 82211, at *16 (N.D. Cal. Jan. 13, 2025).

disagreed as to whether specific video content should be considered as "directed to children," and whether Disney profited from, and/or any child was harmed by, the alleged conduct.

Rather than litigate these and other disagreements, the DOJ/FTC and Disney reached a settlement under the terms set forth in the Stipulation. For the reasons set forth more fully below, Disney respectfully requests that the Court: (a) enter the Stipulation, which is appropriate in its present form – particularly given the unprecedented nature of the Government Action; and (b) find that the Stipulation moots the injunctive relief sought in the Related Cases because the Stipulation covers all of the injunctive relief that the private plaintiffs sought or could seek.

## II. BACKGROUND

### A. YouTube Collects Data from Users of the YouTube Platform; Disney Does Not

Google LLC and YouTube, LLC (collectively, "YouTube") operate a video-sharing website (also called "YouTube") where, free of charge, users post videos on their "channels" and view videos posted by others. Disney—like other "Channel Owners" on YouTube—created video channels where it uploaded and shared video content with the public. YouTube's users can access YouTube channels or videos free of charge and without logging in to search or browse the vast YouTube catalog. Logged-in users may also subscribe to channels, add comments to videos, and take advantage of other YouTube features.[5]

---

[5] The claims and allegations at issue in the Government Action and the Related Cases relate only to non-logged-in YouTube users. YouTube's terms do not permit children under 13 to use the main YouTube platform with a standard, self-managed account. While children under 13 can watch YouTube content through the dedicated YouTube Kids app or via a parent-supervised account, such accounts provide limited access and restrict data collection. Thus, logged-in users are not at issue in the Government Action or the Related Cases.

Notably, in the context of seeking court approval of a class action settlement involving children's privacy, YouTube recently represented that, because its viewers do not have to be signed into an account to watch videos, it does not have the ability to identify or even count the number of child viewers who purportedly

When an individual user watches a video on YouTube's platform, YouTube may collect and utilize personal information about the user (or the owner of the device) that YouTube may then use to deliver personalized advertisements. The Channel Owners (like Disney) do not collect YouTube user data.[6] YouTube controls the collection, retention, and deletion of YouTube user data, including as necessary to support personalized advertising on the YouTube platform.[7] Significantly, YouTube does not make available to Disney the personal information it collects about individuals who access Disney's videos or channels on YouTube.

### B. As a Result of a 2019 FTC Settlement, YouTube Required Channel Owners (Including Disney) to Designate Content as Child-Directed or Not Child-Directed Either at the Channel Level or By Video

In 2019, YouTube reached a settlement (the "2019 Settlement") with the FTC in an enforcement action that alleged violations of COPPA based on YouTube's collection of data regarding children who watch YouTube videos.[8] The 2019 Settlement required YouTube to create and maintain a system for Channel Owners to designate whether their content on the YouTube platform is "directed to children" by identifying videos or channels as Made for Kids ("MFK") or Not Made for Kids ("NMFK"). Per the 2019 Settlement, when a Channel Owner

---

watched YouTube videos. *See Hubbard v. Google LLC*, Case No. 19-cv-07016-SVK (N.D. Cal.), ECF No. 333, Motion for Preliminary Approval.

[6] In a class action suit against YouTube and other Channel Owners, the district court in *Hubbard* recently found that the Channel Owners "unquestionably" did not engage in the collection of user data on the YouTube platform. *See* 2025 WL 82211, at *16 ("Plaintiffs base their claims on the collection of their data. Unquestionably, the Channel Owners did not engage in that collection.")

[7] YouTube represents that it deletes or anonymizes data "automatically after a set period of time, such as advertising data in server logs." "Retaining your information," *Google Privacy Policy*, GOOGLE https://policies.google.com/privacy#inforetaining (last accessed Nov. 25, 2025).

[8] *See* Stipulated Order for Permanent Injunction & Civil Penalty Judgment, *Fed. Trade Comm'n v. Google LLC*, Case No. 19-cv-02642, at *9 (D.D.C. Sept. 10, 2019).

designates their video as "MFK," YouTube is required to stop collecting personal information (including persistent identifiers used for targeted advertising) from viewers, regardless of their actual age.[9] YouTube also deployed algorithmic logic designed to "police" the designations made by Channel Owners, and in many instances, redesignated certain videos as MFK without input from the relevant Channel Owners.

Even prior to YouTube's settlement with the FTC, and consistent with Disney's commitment to privacy, Disney had intentionally created separate YouTube channels for adults and children. Disney's child-directed channels map to brands that are dedicated to child audiences, such as Disney Junior and the Disney Channel television network. Disney's approach of cultivating separate experiences for adult and child audiences promotes children's privacy and safety on YouTube by giving children entire channels they can visit that are curated specifically for them, rather than putting the onus on children or their parents to decipher which video on a given channel may or may not be age appropriate.

Thus, when YouTube instructed Disney and other Channel Owners to designate content as MFK or NMFK, either at the video or channel level, Disney set its YouTube audience designations by channel. This was not only in accord with YouTube's instructions but made sense because Disney's policy was to align the videos uploaded to its specific YouTube channels based on whether they were directed to children.[10]

---

[9] There is no age gate to navigate between MFK or NMFK content on YouTube. A child browsing YouTube in a logged-out state is free to input a search query that could lead to a video that is NMFK with personalized advertising, or a video that is MFK without personalized advertising. YouTube does not publicize MFK designations, so parents are unable to filter for only MFK content for their children. In addition, YouTube can still collect personal information without triggering parental consent requirements even when the MFK designation is applied, as long as it uses personal information for "internal operations" as permitted under COPPA.

[10] As referenced in the Government Complaint (and repeated in the Complaints in the Related Cases), at the video level YouTube changed some of Disney's

### C. DOJ/FTC and Disney Reached a Settlement of Disputed Claims of Alleged COPPA Violations

The DOJ/FTC allege in the Government Action that Disney violated COPPA by uploading child-directed videos to YouTube channels designated as NMFK, thereby enabling ***YouTube*** to collect the personal information of children under the age of 13.[11] The DOJ/FTC do not allege that Disney engaged in the collection of personal information, or that Disney had access to or otherwise possessed at any time the personal information collected by YouTube. In fact, Disney neither collected nor received any children's personal information collected by YouTube, and thus, is not in the possession of any personal information of children who watched YouTube videos.

With respect to the DOJ/FTC's allegations, Disney strongly disputes that it failed to adhere to its policy of aligning video content with its channel designations. Disney and DOJ/FTC also disagreed about whether specific video content should be considered as "directed to children," whether Disney is subject to COPPA liability based on its use of YouTube's platform, and, even if Disney did inadvertently mark a child-directed video as NMFK, whether Disney profited from, and/or any child was harmed by, such alleged conduct.

To avoid protracted litigation, the DOJ/FTC and Disney reached a settlement under the terms set forth in the Stipulation. As this Court noted in the Order, if entered, the Stipulation will require Disney to:

---

NMFK designations to MFK based on its algorithmic logic. Disney believes this algorithmic approach erroneously redesignated certain videos as MFK that were clearly not "directed to children."

[11] ECF No. 1, Complaint for Permanent Injunction, Civil Penalty Judgment, and Other Relief ("Government Complaint"), at ¶¶ 27-43.

- adopt a video-specific "Audience Designation Program" under which Disney must review each of its videos on the YouTube platform to determine if it is a "Kids Video," and if so, designate the video as MFK;[12]
- train employees with roles and responsibilities related to publishing videos on YouTube;
- cease the alleged practice of failing to designate certain videos as "for kids."[13]

### D. Private Plaintiffs Filed the Related Cases Immediately After DOJ/FTC's Settlement with Disney Became Public

Three days after the filing of the Government Action seeking Court approval of the Stipulation, plaintiffs began filing putative class action lawsuits asserting a variety of federal and state law claims premised on Disney's purported violations of COPPA. Each Complaint is brought by or on behalf of minors who allege they viewed Disney content on the YouTube platform and were under 13 at the time they watched such content. None of the plaintiffs allege which videos and/or channels they claim to have watched, or when; they simply assert, "upon information and belief" that they watched videos that were improperly designated as NMFK, resulting in YouTube collecting their personal information.[14]

---

[12] As set forth in the Stipulation, Disney does not admit the allegations in the Government Complaint. In addition, while Disney agreed to pay $10 million in civil penalties, this is not a reflection of any purported compensatory damage model or profit disgorgement – it is simply a settlement amount.

[13] ECF Nos. 4-1 at 12-16.

[14] Whether YouTube actually collected information related to named plaintiffs depends on which videos plaintiffs (or the minors on whose behalf claims have been brought) watched and when, and on which channel, as well as the browser and/or type of device used. Because all the viewing at issue in the Related Cases necessarily occurred in a non-logged in status, neither Disney nor YouTube have records that might show plaintiffs' or any other persons' non-logged-in viewing history. Thus, to state plausible claims, plaintiffs will, at a minimum, need to identify the specific content they viewed, the channel on which the content was viewed, and the date the content was viewed. Without this information, Disney has no way of investigating plaintiffs' claims. Disney respectfully requests that the Court direct plaintiffs to include such information in the anticipated consolidated complaint (assuming the Court grants the motion for consolidation).

As many as eleven private litigations were filed. At present, there are seven Related Cases pending before this Court, and an eighth putative class action is pending in the U.S. District Court for the Middle District of Florida.[15]

## III. RESPONSIVE COMMENTS

### A. The FTC's Stipulated Injunction Should Not Include Other Provisions Because It Addresses the Alleged Conduct in its Present Form

In the Order, the Court raised the question of whether the Stipulation's proposed injunction should include other provisions, and specifically whether the proposed injunction should "deal with what should happen" to children's personal information that "might very well be" in Disney's possession. (ECF No. 14 at 2.) The Milberg Comments do not ask the Court to reject or modify the Stipulation. (Case No. 2:25-cv-08410-GW-RAO (C.D. Cal.), at ECF No. 38.) The *Bui* Comments posit that "[t]o the extent Disney possesses children's 'personal information,' the proposed injunction should include a provision for the deletion of children's personal information."[16]

As set forth above, Disney does not possess any children's personal information collected by YouTube. Nor is there any allegation in the Government Action that Disney collected, used, or disclosed children's personal information at any time based on users who watched videos on the YouTube Platform. The Stipulation properly avoids any injunctive terms that suggest otherwise.

The Stipulation correctly tracks the allegations in the Government Action. That Action does not claim Disney collected personal information from children on

---

15 *See Desouvre et al. v. Disney Worldwide Servs., Inc.*, Case No. 25-cv-01878-RBD-LHP (M.D. Fla.).

16 The *Bui* Comments appear to suggest that the injunction in the Government Action require that YouTube and Google to delete information. (ECF No. 17, at 3:24-27.) Because YouTube and Google are not parties to the Government Action, the proposed Stipulation and injunction does not include injunctive relief provisions directed to them.

YouTube, but instead alleges that the way in which videos were configured within YouTube's settings resulted in "YouTube collecting personal information. . . ." (ECF No. 1, ¶ 38.) The Stipulation contains relief that addresses this purported concern regarding configurations for Disney's YouTube videos by requiring Disney to, among other things, implement the "Audience Designation Program."[17] Again, though Disney's position is that such a program is not required by COPPA, to avoid protracted litigation, it agreed to the Stipulation.

In sum, the Stipulation as currently drafted contains relief that addresses the conduct alleged in the Government Action.

### B. The FTC's Stipulated Injunction Moots Plaintiffs' Claims for Injunctive Relief in the Related Cases Because It Provides All of the Injunctive Relief that Private Plaintiffs Have or Could Seek

The Stipulation's injunction, if entered, will moot all of plaintiffs' claims for injunctive relief. The Stipulation requires Disney to, among other things, perform a video-by-video designation of MFK / NMFK, and to create and maintain the Audience Designation Program, train employees, and cease the alleged practice of failing to designate certain videos as "for kids." Thus, the proposed injunction covers all the injunctive relief requested in the Related Cases. *See, e.g., Bui*, Case No. 2:25-cv-09920, ECF No. 1 at ¶ 37 (requesting that any "child-directed content" will be marked as MFK, which will "ensure[] that some features on videos that are

[17] The Government Complaint also alleges that targeted advertising campaigns ran on individual videos that were designated as NMFK and posted to a channel that was designated as MFK. It is unclear how YouTube allowed this alleged activity to transpire (if it did), because YouTube has represented that Channel Owners can set their audience "at the channel level, which will set all of your future and existing content as made for kids or not." "Set your channel or video's audience," *YouTube Help*, YouTube https://support.google.com/youtube/answer/9527654?hl=en&co=GENIE.Platform%3DDesktop (last accessed December 1, 2025).

Nonetheless, any alleged targeted advertising would have occurred within YouTube's walled garden only where YouTube—not Disney—controls data collection. The Government Complaint does not suggest otherwise, or that Disney collected personal information as a result of alleged ad campaigns.

classified as MFK are disabled"); *see also Popa*, Case No. 2:25-cv-09390, ECF No. 1 at ¶ 58. Plaintiffs have not requested more. *See, e.g.*, *M.G.*, Case No. 2:25-cv-08674, ECF No. 1 at 22-23 (seeking "equitable relief enjoining Disney from engaging in the wrongful conduct complained of herein pertaining to the failure to properly designate its videos as MFK and the resulting misuse[.]"); *Bui*, Case No. 2:25-cv-09920, ECF No. 1 at 32 (seeking "injunctive relief enjoining the illegal acts detailed herein"). Moreover, because Disney is not in possession of the alleged children's data at issue, there is nothing more that plaintiffs could request.

As courts have recognized in the context of other government settlements, for a private plaintiff to proceed with a claim for injunctive relief, there must be "a sufficient factual basis to show the requisite ongoing or future harm exists notwithstanding the existence of injunctive relief obtained by the FTC." *In re Betterhelp, Inc.*, Case No. 23-cv-01033, 2024 WL 4504527, at *3 (N.D. Cal. Oct.15, 2024); *see also Already, LLC v. Nike*, 568 U.S. 85, 94-95 (2013) (a case for injunctive relief is moot if the court is satisfied that the allegedly unlawful activity cannot reasonably be expected to recur); *iMortgage Servs., LLC v. Louisiana Real Estate Appraisers Board*, 658 F. Supp. 3d 316, 325 (M.D. La. 2023) ("the threat of future enforcement action by the FTC, including civil penalties and associated legal costs, precludes a reasonable expectation that the wrong will be repeated.").

Indeed, Courts have regularly dismissed claims for injunctive relief where an FTC settlement, as here, provides the precise relief that the private plaintiffs seek. *See id.*; *see also In re Pre-Filled Propane Tank Antitrust Litig.*, 893 F.3d 1047, 1054 (8th Cir. 2018) (no standing to pursue injunctive relief already provided by FTC consent order); *Nat'l Farmers' Org., Inc. v. Associated Milk Producers, Inc.*, 850 F.2d 1286, 1309 (8th Cir. 1988) ("[T]here is nothing to be gained by entering an injunction that substantially duplicates the relief already available.") (internal citation omitted).

The Milberg Comments essentially concede this point. (Case No. 2:25-cv-08410, ECF No. 38, at 2 (recognizing the availability of injunctive relief depends upon how Disney implements the Stipulation).) Plaintiffs' counsel in *Bui* take a different approach, arguing that if they cannot enforce the injunction in the Stipulation, they require their own. (*See* ECF No. 17, at 7.) This is incorrect as a matter of law. *See, e.g., Pre-Filled Propane Tank Antitrust Litig.*, 893 F.3d at 1054; *Nat'l Farmers' Org., Inc.* 850 F.2d at 1309; *Betterhelp, Inc.*, 2024 WL 4504527, at *2.

Accordingly, if entered, the FTC's stipulated injunction will moot plaintiffs' claims for injunctive relief in the Related Cases.

### C. The *Bui* Comments Regarding the Stipulation's Monetary Terms Should Be Rejected; Private Plaintiffs Should Not Be Permitted to Second Guess the DOJ's/FTC's Judgment, Particularly When the Comments Are Based on Speculation That Lacks Context

The *Bui* Plaintiffs contend, without any meaningful basis and without being privy to important context, that the $10 million civil penalty provided for in the Stipulation "is not a sufficient deterrent to Disney." (ECF No. 17, at 5-6.) Disney did not interpret the Court's Order to invite comment as to the monetary term of the Stipulation, and in any event, *Bui*'s Counsel should not be permitted to second guess the judgment and discretion of the DOJ and FTC. On these bases alone, this Court should decline to consider the *Bui* Comments regarding the Stipulation's monetary term.

To the extent this Court considers the *Bui* Comments, it should still reject them. For one, the DOJ/FTC have significant discretion, and are best positioned to determine an appropriate civil penalty amount based on the relevant context and potential risks of litigation. In this regard, the FTC has explained that:

> [a] court can hold operators who violate the Rule liable for civil penalties of up to $53,088 per violation. The amount of civil penalties the FTC seeks or a court assesses may turn on a number of factors, including the

> egregiousness of the violations, whether the operator has previously violated the Rule, the number of children involved, the amount and type of personal information collected, how the information was used, whether it was shared with third parties, and the size of the company. The determination of the appropriate civil penalty will vary on a case-by-case basis. In some cases, the FTC has elected to seek no civil penalty, while in other cases, the penalties have been millions of dollars.[18]

Here, the DOJ/FTC exercised their discretion, after significant factual investigation and assessment, and agreed to the Stipulation's monetary term.

Further, monetary relief in a stipulated settlement is case specific and reflects litigation risks, such as whether Disney is subject to COPPA,[19] and if so, whether it committed any violation. The *Bui* Plaintiffs compare the proposed settlement with Disney, a content creator, to other settlements reached with platform operators that engaged in data collection and are undisputedly subject to COPPA. These other settlements also arose from distinguishable facts and circumstances on these fronts.[20]

## IV. CONCLUSION

Disney appreciates the Court's invitation to provide the foregoing comments, and respectfully requests that the Court enter the Stipulation and find that it moots the requests for injunctive relief in the Related Cases.

Dated: December 1, 2025

Respectfully Submitted,

*/s/ Rebecca B. Durant*

---

18 Complying with COPPA: Frequently Asked Questions, https://www.ftc.gov/business-guidance/resources/complying-coppa-frequently-asked questions#B.%20COPPA%20Enforcement, at §B(2) (last accessed November 25, 2025).

19 *See Hubbard*, 2025 WL 82211, at *16 (holding that Channel Owners were not subject to COPPA because "the Channel Owners did not engage in that collection.")

20 If helpful to the Court, Disney would be happy to provide further analysis comparing the settlement reflected in the Stipulation to the other settlements identified by the *Bui* Plaintiffs.

Rebecca B. Durrant (SBN 350444)
**KELLEY DRYE & WARREN LLP**
350 South Grand Avenue, Suite 3800
Los Angeles, California 90071
Telephone: (213) 547-4900
rdurrant@kelleydrye.com

Lauri A. Mazzuchetti (*pro hac vice*)
**KELLEY DRYE & WARREN LLP**
7 Giralda Farms, Suite 340
Madison, New Jersey 07940
Telephone: (973) 503-5910
lmazzuchetti@kelleydrye.com

Attorneys for Defendants Disney Worldwide Services, Inc. and Disney Entertainment Operations LLC