**KELLEY DRYE & WARREN LLP**
Lauri A. Mazzuchetti (*pro hac vice*)
lmazzuchetti@kelleydrye.com
Whitney M. Smith (*pro hac vice* pending)
wsmith@kelleydrye.com
7 Giralda Farms, Suite 340
Madison, NJ 07940
Telephone: (973) 503-5900
Facsimile: (973) 503-5950

**KELLEY DRYE & WARREN LLP**
Rebecca B. Durrant (State Bar No. 350444)
rdurrant@kelleydrye.com
350 South Grand Ave., Suite 3800
Los Angeles, CA 90071
Telephone: (213) 547-4930

*Attorneys for Defendants The Walt Disney*
*Company, Disney Worldwide Services, Inc. and Disney*
*Entertainment Operations LLC*

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re Disney Worldwide Services COPPA Litigation | Case No.  2:25-CV-08410-GW-RAO |
| | **DEFENDANTS THE WALT DISNEY COMPANY, DISNEY WORLDWIDE SERVICES, INC., AND DISNEY ENTERTAINMENT OPERATIONS LLC'S MEMORANDUM OF POINTS AND AUTHORITIES** |
| | [*Filed concurrently with Notice of Motion and Motion to Dismiss; Declaration of Rebecca B. Durrant; and [Proposed] Order*] |
| | Assigned to: Judge George H. Wu<br>Hearing Date:  June 15, 2026<br>Time:  8:30 a.m.<br>Location:  Courtroom 9D |

CASE NO. 2:25-CV-08410-GW-RAO
DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

# TABLE OF CONTENTS

**Page**

INTRODUCTION ..................................................................................................... 1

PROCEDURAL AND FACTUAL BACKGROUND ............................................ 2

    A.    Procedural Background................................................................... 2

    B.    Factual Background and Allegations ............................................ 3

LEGAL ARGUMENT ............................................................................................ 6

I.    PLAINTIFFS DO NOT PLAUSIBLY ALLEGE THAT THE MINORS VIEWED ANY MIS-DESIGNATED CONTENT ....................................... 6

II.    PLAINTIFFS' GROUP PLEADING IS INSUFFICIENT TO STATE A CLAIM. ................................................................................................. 8

III.    THE COURT SHOULD DISMISS PLAINTIFFS' COMMON LAW CLAIMS ............................................................................................... 10

    A.    Plaintiffs' Do Not Allege the Governing State Law .......................... 10

    B.    Plaintiffs' Intrusion Upon Seclusion and California Constitutional Privacy Claims Fail ...................................... 11

    C.    Plaintiffs Fail to State a Claim for Trespass-to-Chattels ................... 14

    D.    Plaintiffs Fail to State a Negligence Claim........................................ 16

    E.    Negligence *Per Se* Is Not an Independent Cause of Action .............. 18

    F.    Plaintiffs Cannot State a Claim for Unjust Enrichment..................... 21

IV.    THE COURT SHOULD DISMISS PLAINTIFFS' STATUTORY CLAIMS FOR FAILURE TO STATE A CLAIM ..................................... 22

    A.    Plaintiffs Do Not and Cannot State a Claim Under the California UCL ....................................................................... 22

    B.    Plaintiffs' Federal Wiretap Claim Fails on Multiple, Independent Grounds ............................................................... 25

    C.    Plaintiffs' Pennsylvania Wiretap Claim Fails for the Same Reasons ................................................................................. 29

DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

V.    THE DOJ SETTLEMENT MOOTS ANY REQUEST FOR
           INJUNCTIVE RELIEF ...................................................................................29

CONCLUSION...................................................................................................................30

DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*In re Actimmune Mktg. Litig.*,
2009 WL 3740648 (N.D. Cal. Nov. 6, 2009), *aff'd*, 464 F. App'x
651 (9th Cir. 2011) ...............................................................................................23

*Adair v. Cigna Corp. Servs., LLC*,
2026 WL 295744 (E.D. Pa. Feb. 4, 2026).........................................................16

*Adams-Arapahoe Sch. Dist. No. 28-J v. GAF Corp.*,
959 F.2d 868 (10th Cir. 1992).............................................................................18

*Angiano v. Anheuser-Busch InBev Worldwide, Inc.*,
532 F. Supp. 3d 911 (C.D. Cal. 2021)..................................................................3

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) ....................................................................................2, 6, 7

*Ass'n for Accessible Medicines v. Becerra*,
822 F. App'x 532 (9th Cir. 2020).......................................................................17

*New Mexico ex rel. Balderas v. Tiny Lab Prods.*,
457 F. Supp. 3d 1103 (D.N.M. 2020)..................................................................20

*Bartholomew v. Parking Concepts, Inc.*,
118 Cal.App.5th 438 (2026)................................................................................25

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007) .................................................................................2, 6, 7, 8

*In re BetterHelp, Inc.*,
2024 WL 4504527 (N.D. Cal. Oct. 15, 2024)......................................................29

*Caro v. Weintraub*,
618 F.3d 94 (2d Cir. 2010) ..................................................................................28

*In re Carrier IQ, Inc.*,
78 F. Supp. 3d 1051 (N.D. Cal. 2015)..................................................................20

DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

*Casillas v. Berkshire Hathaway Homestate Ins. Co.*,
79 Cal. App. 5th 755 (2022) ................................................................................ 15

*Castillo v. Seagate Tech., LLC*,
2016 WL 9280242 (N.D. Cal. Sept. 14, 2016) .................................................... 18

*Cohen v. Casper Sleep Inc.*,
2018 WL 3392877 (S.D.N.Y. July 12, 2018) ...................................................... 28

*Cook v. GameStop, Inc.*,
148 F.4th 153 (3d Cir. 2025) ............................................................................... 12

*Cook v. GameStop, Inc.*,
689 F. Supp. 3d 58 (W.D. Pa. 2023) ................................................................... 26

*Curry v. MillerCoors, Inc.*,
2013 WL 4494307 (D. Colo. Aug. 21, 2013) ...................................................... 11

*Dillingham Tug & Barge Corp. v. Collier Carbon & Chem. Corp.*,
707 F.2d 1086 (9th Cir. 1983) ............................................................................. 18

*Doe I v. Google LLC*,
741 F. Supp. 3d 828 (N.D. Cal. 2024) ................................................................ 15

*Doe I v. Wal-Mart Stores, Inc.*,
572 F.3d 677 (9th Cir. 2009) ............................................................................... 21

*Doe v. CVS Pharmacy*,
982 F.3d 1204 (9th Cir. 2020) ............................................................................. 24

*Doe v. Meta Platforms, Inc.*,
690 F. Supp. 3d 1064 (N.D. Cal. 2023) .............................................................. 14

*Doe v. Tenet Healthcare Corp.*,
789 F. Supp. 3d 814 (E.D. Cal. 2025) ................................................................ 14

*In re DoubleClick Inc. Privacy Litig.*,
154 F. Supp. 2d 497 (S.D.N.Y. 2001) ................................................................. 28

*Dual Diagnosis Treatment Ctr., Inc. v. Blue Cross of California et. al.*,
2016 WL 6892140 (C.D. Cal. Nov. 22, 2016) ...................................................... 8

*Elias v. Hewlett-Packard Co.*,
903 F. Supp. 2d 843 (N.D. Cal. 2012) ................................................................ 24

iv                    CASE NO. 2:25-CV-08410-GW-RAO

DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

*Espadero v. Feld*,
 649 F. Supp. 1480 (D. Colo. 1986) ....................................................................... 18

*Everett v. Mountains Recreation & Conservation Auth.*,
 191 Cal. Rptr. 3d 59 (Cal. Ct. App. 2015) ......................................................... 21

*Exeter Township v. Gardecki*,
 2018 WL 6616930 (E.D. Pa. Dec. 17, 2018) ...................................................... 14

*In re Facebook, Inc. Internet Tracking Litig.*,
 956 F.3d 589 (9th Cir. 2020) ............................................................................... 13

*Farst v. AutoZone, Inc.*,
 700 F. Supp. 3d 222 (M.D. Pa. 2023) ........................................................... 12, 13

*Felger v. Larimer Cnty. Bd. of Cnty. Comm'rs*,
 776 P.2d 1169 (Colo. Ct. App. 1989) .................................................................. 17

*Freeman v. DirecTV, Inc.*,
 457 F.3d 1001 (9th Cir. 2006) ............................................................................. 25

*In re GE/CBPS Data Breach Litig.*,
 2021 WL 3406374 (S.D.N.Y. Aug. 4, 2021) ....................................................... 19

*Gentry v. eBay, Inc.*,
 99 Cal. App. 4th 816 (2002) .................................................................................. 9

*Glen Holly Entm't, Inc. v. Tektronix, Inc.*,
 100 F. Supp. 2d 1086 (C.D. Cal. 1999) ............................................................... 23

*Grace v. Apple, Inc.*,
 328 F.R.D. 320 (N.D. Cal. 2018) ......................................................................... 10

*Griffith v. TikTok, Inc.*,
 2023 WL 9019035 (C.D. Cal. Dec. 13, 2023) ..................................................... 21

*Griffith v. TikTok, Inc.*,
 2024 WL 4308813 (C.D. Cal. Sept. 9, 2024) ................................................. 26, 27

*Hadley v. Kellogg Sales Co.*,
 243 F. Supp. 3d 1074 (N.D. Cal. 2017) ......................................................... 22, 23

*HealthONE v. Rodriguez ex rel. Rodriguez*,
 50 P.3d 879 (Colo. 2002) ..................................................................................... 16

v                    CASE NO. 2:25-CV-08410-GW-RAO

*Hill v. NCAA*,
7 Cal. 4th 1 (1994) .................................................................................................. 12

*Holly v. Alta Newport Hosp., Inc.*,
612 F. Supp. 3d 1017 (C.D. Cal. 2020) ................................................................. 17

*Hubbard v. Google LLC*,
2025 WL 82211 (N.D. Cal. Jan. 13, 2025) ................................................. 9, 13, 19

*Ideal Aerosmith, Inc. v. Acutronic USA, Inc.*,
2007 WL 4394447 (W.D. Pa. 2007) ....................................................................... 29

*Intel Corp. v. Hamidi*,
30 Cal. 4th 1342 (2003) .................................................................................... 14, 15

*Joiner v. NHL Enters., Inc.*,
2025 WL 2846431 (S.D.N.Y. Aug. 29, 2025) ....................................................... 28

*Jones v. Awad*,
39 Cal. App. 5th 1200 (2019) ........................................................................... 18, 20

*Jones v. Google LLC*,
73 F.4th 636 (9th Cir. 2023) ............................................................................. 19, 20

*Katz-Lacabe v. Oracle Am., Inc.*,
668 F. Supp. 3d 928 (N.D. Cal. 2023) ................................................................... 21

*Kavehrad v. Vizio, Inc.*,
2022 WL 16859975 (C.D. Cal. Aug. 11, 2022) ..................................................... 10

*King v. Hard Rock Cafe Int'l (USA), Inc.*,
2025 WL 1635419 (E.D. Cal. June 9, 2025) .......................................................... 26

*Konop v. Hawaiian Airlines, Inc.*,
302 F.3d 868 (9th Cir. 2002) ................................................................................. 27

*Krantz v. Old Copper Co., Inc.*,
794 F. Supp. 3d 724 (C.D. Cal. 2025) ................................................................... 11

*Lakes v. Ubisoft, Inc.*,
777 F. Supp. 3d 1047 (N.D. Cal. 2025) ................................................................. 28

*Low v. Linkedin Corp.*,
900 F. Supp. 2d 1010 (N.D. Cal. 2012) ................................................................. 11

vi  CASE NO. 2:25-CV-08410-GW-RAO

*Manning v. Zumpano Patricios, P.A.*,
  2025 WL 3062563 (S.D. Fla. Nov. 3, 2025) ......................................................25

*Medoff v. Minka Lighting, LLC*,
  2023 WL 4291973 (C.D. Cal. May 8, 2023) ......................................................17

*Mehedi v. View, Inc.*,
  2023 WL 3592098 (N.D. Cal. May 22, 2023) ....................................................16

*Meltzer v. Mazda Motor of America, Inc.*,
  779 F. Supp. 3d 1120 (C.D. Cal. 2025) ............................................................10

*NetChoice v. Brown*,
  2025 WL 3267786 (D. Md. Nov. 24, 2025) .......................................................20

*New Chemic (U.S.), Inc. v. Fine Grinding Corp.*,
  948 F. Supp. 17 (E.D. Pa. 1996) ......................................................................18

*In re Nickelodeon Consumer Priv. Litig.*,
  827 F.3d 262 (3d Cir. 2016) .............................................................................13

*NovelPoster v. Javitch Canfield Grp.*,
  140 F. Supp. 3d 938 (N.D. Cal. 2014) ..............................................................27

*Polsky v. Ramnani*,
  2018 WL 6133406 (C.D. Cal. Mar. 26, 2018) ..................................................10

*Popa v. Harriet Carter Gifts, Inc.*,
  426 F. Supp. 3d 108 (W.D. Pa. 2019) ..............................................................12

*In re Pre-Filled Propane Tank Antitrust Litig.*,
  893 F.3d 1047 (8th Cir. 2018) ..........................................................................29

*Pruchnicki v. Envision Healthcare Corp.*,
  845 F. App'x 613 (9th Cir. 2021) ......................................................................18

*Public Service Co. of Colorado v. Van Wyk*,
  27 P.3d 377 (Colo. 2001) .................................................................................14

*R.C. v. Walgreen Co.*,
  733 F. Supp. 3d 876 (C.D. Cal. 2024) ..............................................................25

*Regents of Univ. of California v. Superior Ct.*,
  4 Cal.5th 607 (2018) ........................................................................................17

DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

*Ringler v. J.M. Smucker Co.*,
  2025 WL 3150679 (C.D. Cal. Oct. 30, 2025) ...................................................... 10

*Rodriguez v. Google LLC*,
  2022 WL 214552 (N.D. Cal. Jan. 25, 2022) ....................................................... 27

*Romero v. Countrywide Bank, N.A.*,
  740 F. Supp. 2d 1129 (N.D. Cal. 2010)......................................................... 8, 22

*Schnur v. JetBlue Airways Corp.*,
  2024 WL 2816552 (W.D. Pa. June 3, 2024) ...................................................... 11

*Smith v. Terumo BCT, Inc.*,
  581 P.3d 1220 (Col. App. 2025)........................................................................ 17

*Sonner v. Premier Nutrition Corp.*,
  971 F.3d 834 (9th Cir. 2020) ............................................................................ 22

*In re Sony Gaming Networks & Customer Data Sec. Breach Litig.*,
  903 F. Supp. 2d 942 (S.D. Cal. 2012) ............................................................... 17

*St. Luke's Health Network, Inc. v. Lancaster General Hosp.*,
  2024 WL 4173783 (E.D. Pa. Sept. 12, 2024)..................................................... 21

*T.D. v. Piedmont Healthcare, Inc.*,
  2024 WL 3972984 (N.D. Ga. Aug. 28, 2024)..................................................... 29

*Tapia Carmona v. Cnty. Of San Mateo*,
  2019 WL 4345973 (N.D. Cal. Sept. 12, 2019)..................................................... 9

*Tarob M & C Invs., LLC v. Herbert*,
  2015 WL 5728426 (N.D. Cal. Sept. 30, 2015)................................................... 19

*In re TikTok, Inc., Minor Privacy Litig.*,
  2025 WL 3628598 (C.D. Cal. Nov. 5, 2025) ......................................... 11, 13, 17

*Valenzuela v. Super Bright LEDs Inc.*,
  2023 WL 8424472 (C.D. Cal. Nov. 27, 2023) ................................................... 27

*Vertkin v. Vertkin*,
  2007 WL 4287512 (N.D. Cal. Dec. 6, 2007) ..................................................... 14

*W.W. v. Orlando Health, Inc.*,
  2025 WL 722892 (M.D. Fla. Mar. 6, 2025)........................................................ 27

viii                         CASE NO. 2:25-CV-08410-GW-RAO

DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

*Warren v. Specialized Loan Servicing., LLC*,
  2026 WL 92303 (C.D. Cal. Jan. 6, 2026)........................................................23, 24

*Watkinson v. MortgageIT, Inc.*,
  2010 WL 2196083 (S.D. Cal. June 1, 2010) .......................................................24

*Weinberg v. Advanced Data Processing, Inc.*,
  147 F. Supp. 3d 1359 (S.D. Fla. 2015)...............................................................19

*Wescott v. Google, LLC*,
  2024 WL 3849345 (N.D. Cal. Aug. 15, 2024).....................................................16

*Wright v. Federal Mach. Co., Inc.*,
  535 F. Supp. 645 (E.D. Pa. 1982)........................................................................16

*Wright v. Ocwen Loan Servicing, LLC*,
  2011 WL 13223956 (C.D. Cal. July 12, 2011) .....................................................24

*Yoo v. JPMorgan Chase Bank*,
  2009 WL 4823376 (C.D. Cal. Dec. 7, 2009)........................................................23

*Yoon v. Lululemon USA, Inc.*,
  549 F. Supp. 3d 1073 (C.D. Cal. 2021)...............................................................26

*Ziboukh v. Whaleco*,
  Inc., 795 F. Supp. 3d 349, 372 (E.D.N.Y. 2025)................................................15

*Zimmerman v. Highmark, Inc.*,
  780 F. Supp. 3d 588 (W.D. Pa. 2025) .................................................................18

*In re Zynga Privacy Litigation*,
  750 F.3d 1098 (9th Cir. 2014) .............................................................................26

**Statutes**

18 Pa. Cons. Stat. §§ 5704(4), 5725(a).................................................................29

15 U.S.C. §§ 6502(a)(1) and (b)(1)(A).................................................................20

15 U.S.C. § 6502(d) ...............................................................................................20

Children's Online Privacy Protection Act ......................................................*passim*

ix                          CASE NO. 2:25-CV-08410-GW-RAO

**Other Authorities**

16 C.F.R. § 312 *et seq.*.............................................................................................29

64 Fed. Reg. 59888, 59892 (Nov. 3, 1999) ...........................................................20

Defendants The Walt Disney Company, Disney Worldwide Services, Inc. and Disney Entertainment Operations LLC ("Disney") move this Court under Fed. R. Civ. P. 12(b)(6) to dismiss the Consolidated Complaint ("Complaint" or "Compl.") filed by Plaintiffs on behalf of their minor children ("Minors") and submit this memorandum of law in support:

## INTRODUCTION

Disney itself has never collected, received, accessed, or stored any child's individually identifiable "Personal Information."  Yet, Plaintiffs seek to hold Disney liable for just that by asserting claims based upon a supposed violation of the Children's Online Privacy Protection Act ("COPPA"), a civil enforcement law with no private right of action that does not even apply to Disney.  COPPA applies only to an "operator" of a "website" or "online service" that collects personal information from children under 13, which YouTube "Channel Owners" like Disney are not. And the Complaint alleges no other facts to impose liability on Disney beyond COPPA's ambit.  Plaintiffs thus cannot state a claim for relief under any cause of action they assert.

Plaintiffs' allegations about "Made for Kids" ("MFK") and "Not Made for Kids" ("NMFK") designations add nothing.  Plaintiffs assert that Disney "enabled" YouTube's own data collection by improperly designating unidentified child-directed videos on its YouTube channels as NMFK.  But Plaintiffs do not allege facts that plausibly support an inference that the Minors viewed any mis-designated videos—much less that YouTube collected their Personal Information as a result.

Plaintiffs do not identify a single video any Minor viewed, when it was viewed, or whether it was designated NMFK at the time.  Nor do they allege that the Minors encountered any of the purported public indicators of NMFK status, such as whether comments or live chat were enabled.  Plaintiffs' generalized (and wrong) allegations that Minors viewed certain NMFK channels are insufficient because Plaintiffs allege YouTube changed Disney's video designations from NMFK to

1                      CASE NO. 2:25-CV-08410-GW-RAO
DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

MFK and that identical videos appeared on different Disney channels with different designations. These allegations make timing and channel-specific video identification critical: for Plaintiffs' theory to hold, a video (not a channel) must have been designated NMFK at the moment of viewing, yet Plaintiffs acknowledge that designations change over time, differ across channels, and are overridden by YouTube. These facts about Minors' viewing histories in a non-logged-in status are uniquely within Plaintiffs' possession (not Defendants'). If they cannot allege these facts now, they will never be able to state a viable claim.

Additionally, Plaintiffs repeatedly attribute data-collection activity to undifferentiated "Defendants," notwithstanding (i) that Disney never itself collected any personal information and (ii) the centrality of that distinction to every claim they assert. Plaintiffs also fail to identify which state's law governs their common-law theories, even though the elements of their claims vary materially across jurisdictions. These pleading failures doom each substantive cause of action.

What remains is a Complaint built on conjecture rather than plausible factual allegations. At most, the Complaint posits that such a scenario ***could have*** occurred—a speculative theory that never crosses the line from possible to plausible. *Twombly* and *Iqbal* require more. Because Plaintiffs' theory never rises above the level of possibility, and because each claim fails as a matter of law, the Complaint should be dismissed in its entirety.

## PROCEDURAL AND FACTUAL BACKGROUND

### A.     Procedural Background

*The FTC Action and Stipulation*. On September 2, 2025, the U.S. Department of Justice ("DOJ"), acting upon notification from the Federal Trade Commission ("FTC"), filed a complaint against Disney under COPPA in the Central District of California simultaneous with a settlement of those same claims. (Exs. A-C) (the

DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

"FTC Action".)[1]  The FTC Action alleged that Disney failed to designate certain YouTube content allegedly directed to children as MFK, purportedly resulting in the collection of children's "Personal Information" by YouTube (not Disney).  (Ex. A, ¶¶ 2, 38, 46.)  It did not allege that Disney collected or possessed any data.  (*Id.*)

*The Follow-On Class Actions.*  Plaintiffs filed multiple putative class actions premised on the allegations in the FTC Action, which were consolidated before this Court.  Like the FTC Action, each action alleged that YouTube—not Disney—collected children's "Personal Information" as a result of mis-designations.  (*See, e.g.*, D.E. 1 at ¶¶ 3, 10, 28.)

### B.    Factual Background and Allegations

*YouTube's Platform.*  Defendant YouTube LLC, a subsidiary of defendant Google LLC ("YouTube"), operates the YouTube video-sharing platform.  (Compl. ¶ 34.)  Disney is a user of the YouTube platform and, like any other user, uploads videos to its YouTube "channels" for public viewing.  (*Id.* ¶¶ 73–75.)  Although YouTube allows users to create accounts, it does not require users to register or sign in to watch videos.  (*Id.* ¶ 53.)  YouTube delivers advertising in two ways: contextual ads, based on the content being viewed, and behavioral ads, based on a viewer's watch history.  (*Id.* ¶¶ 62–68.)  To serve behavioral ads, YouTube collects information about its users.  (*Id.*)

In 2019, YouTube entered into an FTC settlement requiring it to implement a system for channel owners to designate whether their content is child-directed by marking videos or channels as MFK or NMFK.  (*Id.* ¶¶ 4, 105.)  Under the settlement, YouTube must limit data collection on MFK-designated videos and disable certain features, such as comments and live chat.  (*Id.* ¶¶ 117–19.)  By

---

[1]    Exhibits are to the Declaration of Rebecca Durrant. The Court may consider documents referenced in the Complaint. *Angiano v. Anheuser-Busch InBev Worldwide, Inc.*, 532 F. Supp. 3d 911, 916 (C.D. Cal. 2021).

3                    CASE NO. 2:25-CV-08410-GW-RAO

DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

contrast, when a video is designated NMFK, YouTube may collect Personal Information for advertising.  (*Id.* ¶ 151.)  YouTube relies "in part" on Channel Owners' MFK and NMFK designations, but also implements automated and human review to change the designations selected by Channel Owners in certain instances.  (*Id.* ¶¶ 113-16.)

*Disney Content on YouTube.*  Disney has historically created and continues to maintain separate YouTube channels for adults and children.  (*Id.* ¶¶ 134–35.)  Thus, when YouTube instructed Disney and other Channel Owners to designate content as MFK or NMFK, either at the video or channel level, Disney set specific channels as MFK.  (*See id.*)

Plaintiffs allege that Disney "allowed" or "enabled" YouTube to collect Personal Information from children by erroneously designating child-directed content as NMFK.  (*See, e.g.*, *id.* ¶¶ 6–7, 151, 157.)  Plaintiffs do not quantify the percentage of Disney's tens of thousands of videos that it alleges were or remained mis-designated, nor do they allege that more than a *de minimis* number of isolated videos were mis-designated.  Plaintiffs allege that, in June 2020, YouTube notified Disney it had changed the designations of more than 300 Disney videos, including videos "from The Incredibles, Coco, Toy Story, Tangled, Frozen and Mickey Mouse" from NMFK to MFK.  (*Id*. ¶¶ 158-59.)

*Plaintiffs' Allegations Regarding Data Collection*.  Plaintiffs allege that YouTube collects Personal Information, including viewing history, user activity, location information, and unique identifiers, from viewers and uses that information for advertising.  (*Id.* ¶¶ 59, 65-68.)  As to Disney, Plaintiffs allege that it "enabled" YouTube's collection of Personal Information when it mis-designated certain videos as NMFK.  (*Id.* ¶¶ 7, 136, 151, 196-97, 204-05, 212-13, 220-21.)

Plaintiffs do not allege that Channel Owners like Disney receive, access, or view any individualized Personal Information that YouTube may collect.  Rather, as

DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

participants in the YouTube Partner Program, they receive "indirect" access to personal data that YouTube collects from viewers in the form of metrics like audience demographics and other analytics.  (*Id*. ¶¶ 80-84, 152.)

To the extent Plaintiffs' allegations suggest that Disney received Personal Information directly from the Minors (Compl. ¶¶ 6, 71, 80), those allegations are inconsistent with the above, more specific allegations regarding data collection.

***Plaintiffs' Alleged Activity on the Disney YouTube Channels.***  Plaintiffs allege only that Minors watched videos on certain "Improperly Managed Channels" that were designated by Disney as NMFK[2] despite allegedly containing child-directed content.  (Compl. ¶¶ 139-40, 193-94, 201-02, 209-10, 217-18.) Plaintiffs do not identify any specific video that any Minor viewed, much less provide the date and time it was viewed, and the channel on which it appeared.  Nor do Plaintiffs allege that the Minors encountered or interacted with any features that appear only on NMFK videos, such as comments and live chat.  (*Id*. ¶¶ 119, 151.) Plaintiffs also do not allege that the Minors viewed only Disney content on YouTube or that the Minors avoided other creators' videos or other content that may have had varying designations.  From these allegations, Plaintiffs concluded that Disney "caus[ed] YouTube's tracking services to collect Personal Information" from the Minors.  (*Id.* ¶¶ 195, 203, 211, 219.)

***Plaintiffs' Claims.***  Plaintiffs assert the following claims: (1) intrusion upon seclusion; (2) invasion of privacy; (3) trespass to chattels; (4) negligence; (5) negligence per se; (6) unjust enrichment; (7) violations of the California Unfair Competition Law; (8) violations of the Federal Wiretap Act; and (9) violations of the Pennsylvania Wiretap Act.  Plaintiffs seek to represent a nationwide class of:

---

[2] At least one channel Plaintiffs identify, the Disney Channel, is designated MFK. *See* https://www.youtube.com/@disneychannel/videos (reflecting comments and live chat disabled for all videos).

DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

"[a]ll natural persons in the United States who, at any time during the Class Period, were under the age of thirteen and watched child-directed content uploaded by Defendants on YouTube that was not properly designated as [MFK]." (*Id.* ¶ 227.) Alternatively, Plaintiffs seek certification of statewide subclasses in California, Pennsylvania, and Colorado. (*Id.* ¶ 228.) Plaintiffs also seek certain injunctive relief. (*Id.* ¶¶ 239, 255, 271, 350, 367.)

## LEGAL ARGUMENT

To survive a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), a plaintiff must plead "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim is plausible only when the factual content alleged "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*; *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Plaintiffs' Complaint fails to state a claim because Plaintiffs: (I) do not allege that any of the Minors viewed mis-designated content; (II) rely on impermissible group pleading and fail to distinguish among the Defendants; (III) fail to sufficiently allege the common-law claims and (IV) the statutory claims; and (V) request injunctive relief that is moot.

## I. PLAINTIFFS DO NOT PLAUSIBLY ALLEGE THAT THE MINORS VIEWED ANY MIS-DESIGNATED CONTENT

Although Plaintiffs allege that certain videos that Disney posted to its channels contained improper MFK/NMFK designations, their claims require more. To have been harmed, the Minors must have actually viewed a Disney video that was mis-designated as NMFK such that their Personal Information was collected by YouTube. The Complaint makes no allegations that entitle Plaintiffs to a reasonable inference that they did, which is dispositive of each of their claims.

Plaintiffs make only generalized assertions about the channels the Minors

6                    CASE NO. 2:25-CV-08410-GW-RAO

DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

purportedly accessed and the types of content available on those channels. (*See supra* p. 5.) They do not allege that the Minors actually viewed any of the child-directed videos they reference, nor that any such videos were designated NMFK at the time. A channel-level designation does not establish the designation of any particular video, as the Complaint acknowledges that YouTube may change a video's designation from NMFK to MFK through automated or human review. (*Id.* ¶¶ 117, 158.) Indeed, Plaintiffs allege that characters they viewed on the purportedly "Improperly Managed Channels" (Mickey Mouse, Frozen) have triggered YouTube to redesignate content as MFK in the past. (*Id.* ¶¶ 159, 194, 202, 210, 218.)

Whether a video was NMFK at the moment of viewing therefore depends on knowing the specific video, the date and time it was viewed, and the channel on which it appeared—none of which Plaintiffs plead. Without these basic facts, Plaintiffs cannot plausibly allege that the Minors viewed any mis-designated Disney video or that YouTube collected Personal Information as a result.

The Complaint further concedes that certain features—such as comments and live chat—appear only on NMFK videos and are disabled on MFK content. (*Id.* ¶¶ 119, 151.) If the Minors had viewed NMFK videos, they necessarily would have encountered NMFK-only features. Plaintiffs do not allege that they did, nor do they allege any other observable indicator that the Minors viewed NMFK content.

At most, Plaintiffs' allegations suggest the *possibility* that the Minors viewed a mis-designated video. But *Twombly* and *Iqbal* foreclose claims built on mere possibilities; Plaintiffs must allege concrete factual allegations that make their theory plausible. Plaintiffs offer no such allegations. Without identifying the videos viewed, when they were viewed, or whether they bore NMFK features at the relevant time, Plaintiffs leave Disney without notice of their claims.

DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

## II. PLAINTIFFS' GROUP PLEADING IS INSUFFICIENT TO STATE A CLAIM

Under Rule 8(a), Plaintiffs must "give the defendant fair notice of what the … claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555. Courts therefore reject pleadings that lump defendants together without identifying who is alleged to have done what to whom, because treating "disparate parties identically without explanation … deprives each individual party of a fair and meaningful opportunity to defend itself." *Romero v. Countrywide Bank, N.A.*, 740 F. Supp. 2d 1129, 1136 (N.D. Cal. 2010). Allegations that fail to differentiate among defendants are not well-pled facts and therefore cannot satisfy Rule 8's requirements.

Here, dismissal is warranted because the Complaint repeatedly refers to "Defendants" collectively and obscures which Defendant allegedly engaged in which conduct. (*See, e.g.*, Compl. ¶¶ 8, 10, 12, 84-85, 101, 167, 186, 196-97, 204-05, 212-13, 220-21.) Disney and YouTube are not a monolith but are "different and unrelated" corporate entities. *Dual Diagnosis Treatment Ctr., Inc. v. Blue Cross of California et. al.*, 2016 WL 6892140, at *2 (C.D. Cal. Nov. 22, 2016). The Complaint's undifferentiated, collective allegations against them therefore fail to satisfy basic pleading requirements.

These group-pleading defects go to factual allegations that are foundational to every one of Plaintiffs' claims. Throughout the Complaint, Plaintiffs allege that "Defendants" collected information from the Minors— thereby implying that Disney itself collected that information merely by uploading videos to YouTube. (Compl. ¶¶ 85, 101, 249–51.) But neither the original complaints filed in the now-consolidated lawsuits nor the complaint in the FTC Action alleged that Disney— rather than YouTube—collected minors' personal information. (*See, e.g.*, D.E. 1 ¶¶ 28, 33; *see also* Ex. A ¶ 38 (alleging that a content creator's mis-designation "results in YouTube collecting personal information and placing targeted advertisements").)

DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

And as the Northern District of California recently held in dismissing materially identical claims against Channel Owners, "the fact remains that [the channel owners] did not collect any of Plaintiffs' information.  Without such collection, no violation [of COPPA] occurs."  *Hubbard v. Google LLC*, 2025 WL 82211, at *16 (N.D. Cal. Jan. 13, 2025).  Disney has never collected or accessed users' Personal Information through YouTube, and Plaintiffs plead no plausible facts to the contrary.

Indeed, while Plaintiffs' group-pleading formulation implies that Disney itself collected user data, that implication is contradicted by Plaintiffs' own, more specific allegations.  *See Tapia Carmona v. Cnty. Of San Mateo*, 2019 WL 4345973, at *9 (N.D. Cal. Sept. 12, 2019) ("General, conclusory allegations need not be credited … when they are belied by more specific allegations of the complaint.").  Plaintiffs' specific allegations uniformly premise liability on the theory that Disney failed to designate certain channels as MFK, thereby purportedly ***enabling*** YouTube—not Disney—to collect minors' data, and that Disney received only aggregated, non-personal metrics like any other content creator.  (Compl. ¶¶ 59, 65–67, 81–84, 122, 153, 196–97, 204–05, 246, 328, 360, 365.)  Although Plaintiffs appear, in a handful of paragraphs, to allege that Disney directly collected personal information (*id.* ¶¶ 6, 71, 80), those allegations are irreconcilable with Plaintiffs' overarching theory that Disney's supposed COPPA violation stems from its alleged facilitation of YouTube's collection.  (*Id.* ¶¶ 59, 61, 65–66, 78–84.)  While inconsistent theories may be pleaded, a plaintiff "cannot blow hot and cold as to the *facts* positively stated."  *Gentry v. eBay, Inc.*, 99 Cal. App. 4th 816, 827–28 (2002) (emphasis in original).

The identity of the entity that actually collected the Minors' information is a critical element of Plaintiffs' claims—including intrusion upon seclusion, negligence, and wiretapping.  Yet Plaintiffs repeatedly allege that "Defendants

9                    CASE NO. 2:25-CV-08410-GW-RAO

DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

collected and enabled the collection of personal information" without identifying which Defendant supposedly engaged in which conduct. (*Id.* ¶¶ 196–97, 204–05, 212–13, 220–21.) Whether Disney itself "collected" personal data or merely "enabled" YouTube's collection is a material distinction for each of these causes of action. Plaintiffs plead no facts addressing that distinction, leaving the specific conduct attributed to Disney unclear, which supports dismissal. Courts in this Circuit consistently dismiss complaints that fail to attribute specific conduct to specific defendants. *See, e.g.*, *Polsky v. Ramnani,* 2018 WL 6133406, at *4 (C.D. Cal. Mar. 26, 2018).

## III.  THE COURT SHOULD DISMISS PLAINTIFFS' COMMON LAW CLAIMS

### A.  Plaintiffs' Do Not Allege the Governing State Law

Plaintiffs assert several common law claims against Disney on behalf of a nationwide class but fail to allege the law governing those claims. District courts in the Ninth Circuit routinely hold that a plaintiff's failure at the pleading stage to identify which state law applies to common law claims brought on behalf of a nationwide class warrants dismissal. *See, e.g.*, *Ringler v. J.M. Smucker Co.*, 2025 WL 3150679, at *7 (C.D. Cal. Oct. 30, 2025). That is because where, as here, a plaintiff fails to identify the governing state law, the Court cannot determine whether the complaint plausibly alleges a valid claim under the applicable law. *Id.*; *Meltzer v. Mazda Motor of America, Inc.*, 779 F. Supp. 3d 1120, 1129 (C.D. Cal. 2025) (court should not guess what state's law applies). Here, the Court must consider a complaint alleging putative subclasses in California, Pennsylvania, and Colorado. The elements of Plaintiffs' claims under those and other states' laws vary significantly, making the need to identify the governing law at the pleading stage especially acute. *See Kavehrad v. Vizio, Inc.*, 2022 WL 16859975, at *3 (C.D. Cal. Aug. 11, 2022); *see also Grace v. Apple, Inc.*, 328 F.R.D. 320, 346-47 (N.D. Cal.

DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

2018) (California's trespass-to-chattels law differs materially from that of other states); *Krantz v. Old Copper Co., Inc.*, 794 F. Supp. 3d 724, 748 (C.D. Cal. 2025) (same for unjust enrichment).  Plaintiffs' common-law claims should therefore be dismissed.

### B.  Plaintiffs' Intrusion Upon Seclusion and California Constitutional Privacy Claims Fail

A common law intrusion upon seclusion claim must meet a "high bar" to be actionable and the allegations must plausibly show that: (1) the defendant intentionally intruded into a place, conversation, or matter as to which the plaintiff has a reasonable expectation of privacy; and (2) the intrusion was highly offensive to a reasonable person.  *See Low v. Linkedin Corp.*, 900 F. Supp. 2d 1010, 1025 (N.D. Cal. 2012); *Curry v. MillerCoors, Inc.*, 2013 WL 4494307, at *4-5 (D. Colo. Aug. 21, 2013); *Schnur v. JetBlue Airways Corp.*, 2024 WL 2816552 at *10 (W.D. Pa. June 3, 2024).  Courts can assess constitutional privacy claims and common law intrusion-upon-seclusion claims together.  *See In re TikTok, Inc., Minor Privacy Litig.*, 2025 WL 3628598, at *13 (C.D. Cal. Nov. 5, 2025).

***Plaintiffs Fail to Plead Any Intrusion by Disney.***  Plaintiffs' theory is that Defendants' collection of personal information intruded upon the Minors' privacy. (Compl. ¶¶ 246-71.)  But imputing allegations against YouTube, the alleged data collector, onto Disney is not sufficient to sustain these causes of action.  Plaintiffs have failed to allege that ***Disney*** engaged in any "intentional intrusion" because Plaintiffs have not put forward any non-conclusory, uncontradicted allegation that *Disney* collected any data as a result of its alleged channel mis-designations.  (*See supra*, Agmt. §II.)  Instead, Plaintiffs allege that Disney "enabled" YouTube to collect the personal information of viewers, and that Disney itself received only "metrics." (*Id.*)  Because there are no allegations that ***Disney*** committed an intentional intrusion, the Court should dismiss these privacy-based claims as to Disney.

DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

Even assuming *arguendo* that Disney had collected data itself, the Complaint still fails to allege an actionable intrusion.  Plaintiffs do not allege an intrusion into a private place or private affairs because the alleged data collection occurred on a publicly accessible website.  Courts have repeatedly held that consumers do not have a reasonable expectation of privacy in their interactions with public websites.  *See Cook v. GameStop, Inc.*, 148 F.4th 153, 160 (3d Cir. 2025) (holding that electronic surveillance on a public website does not plausibly allege intrusion upon seclusion because internet activity on a public site is not private); *Farst v. AutoZone, Inc.*, 700 F. Supp. 3d 222, 230 (M.D. Pa. 2023) ("Shopping on a public website, like shopping in a public store, is not an activity one can reasonably expect to keep private from the retailer.").

Because Plaintiffs neither allege that Disney intentionally intruded upon any private affairs nor that the alleged conduct occurred in a context where any reasonable expectation of privacy exists, their intrusion-upon-seclusion and related privacy claims fail as a matter of law.

***Plaintiffs Fail to Plead a Highly Offensive Invasion.***  An invasion of privacy must be "highly offensive" and "constitute an egregious breach of the social norms" to be actionable.  *Hill v. NCAA*, 7 Cal. 4th 1, 25, 37 (1994).  It must be "of the sort which would cause mental suffering, shame or humiliation[.]" *Popa v. Harriet Carter Gifts, Inc.*, 426 F. Supp. 3d 108, 120 (W.D. Pa. 2019).  Plaintiffs' allegations against Disney fall far short of this demanding standard.

Plaintiffs allege that Disney failed to accurately designate content as MFK, thereby enabling *YouTube* to "track, profile, and target young viewers for behavioral advertising," a practice that Plaintiffs allege is unlawful under COPPA and therefore highly offensive.  (Compl. ¶ 246.)  Disney's alleged failure to properly designate videos does not rise to the level of conduct that is "highly offensive" as a matter of law.  A company's online tracking practices, even when directed towards

DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

children's internet behavior, is not "sufficiently offensive" for a claim of intrusion upon seclusion to survive a motion to dismiss. *Farst*, 700 F. Supp. 3d 222, 230 (M.D. Pa. 2023); *In re Nickelodeon Consumer Priv. Litig.,* 827 F.3d 262, 294 (3d Cir. 2016); *see also Hubbard*, 2024 WL 3302066, at *8. Plaintiffs also do not allege any "plus" factor, such as an affirmative misrepresentation by Disney, or nonconclusory facts indicating that Disney knew YouTube was collecting minors' information in violation of COPPA. *Cf. TikTok*, 2025 WL3628598, at *16. And, Disney does not even track or come to possess Plaintiffs' individual-level data itself through its YouTube operates, making any purported mis-designation even *less* highly offensive than it would otherwise be.

Additionally, while Plaintiffs contend that the conduct at issue is "highly offensive" because it violates COPPA, an alleged violation of COPPA does not itself give rise to an intrusion upon seclusion claim. *See Hubbard*, 2024 WL 3302066, at *8 ("violations of law do not necessarily represent highly offensive behavior"); *Manigault-Johnson,* 2019 WL 3006646, at *6-7 (D.S.C. Mar. 31, 2019) (dismissing intrusion-upon-seclusion claim "based on nothing more than alleged violations of COPPA").

Were the law otherwise, any content creator on YouTube who makes an inadvertent or disputed designation error would be deemed to have committed a highly offensive invasion of privacy—an outcome that would stretch the doctrine far beyond its limits. Disney's alleged conduct—namely, the purported mis-designation of a limited subset of unspecified videos, despite its efforts to properly designate content at the channel level—does not rise to the level of offensiveness required for an intrusion to be deemed "unacceptable as a matter of public policy." *In re Facebook, Inc. Internet Tracking Litig.*, 956 F.3d 589, 606 (9th Cir. 2020). Thus, this Court should dismiss Plaintiffs' intrusion upon seclusion and California constitutional privacy claims as to Disney.

CASE NO. 2:25-CV-08410-GW-RAO

### C.   Plaintiffs Fail to State a Claim for Trespass-to-Chattels

Plaintiffs allege trespass to chattels based on Disney's purported unlawful "possession" of Personal Information.  That theory does not state a claim under any potentially applicable state's law.

*First*, Plaintiffs have not alleged interference with a cognizable "chattel." Plaintiffs claim interference with their "Personal Information and private data," but such personal information does not qualify as a chattel.  *See Doe v. Meta Platforms, Inc.*, 690 F. Supp. 3d 1064, 1087 (N.D. Cal. 2023) ("This claim does not lie where injuries are to privacy and confidentiality.").  Indeed, *any* "[i]ntangible property, with limited exceptions, does not constitute a chattel."  *Exeter Township v. Gardecki*, 2018 WL 6616930, at *4 (E.D. Pa. Dec. 17, 2018); *see also Public Service Co. of Colorado v. Van Wyk*, 27 P.3d 377, 390 (Colo. 2001) (requiring invasion of "tangible matter" to find interference with possession).

*Second*, even assuming *arguendo* that Plaintiffs' information could qualify as a chattel, Plaintiffs have not alleged it was damaged or impaired.  To satisfy the injury requirement for a trespass to chattels claim, a plaintiff must plead with factual particularity that the alleged interference: (1) caused physical damage to the property; (2) impaired the property's condition, quality, or value; or (3) deprived the plaintiff of the use of the property for a substantial time.  *Doe v. Tenet Healthcare Corp.*, 789 F. Supp. 3d 814, 850 (E.D. Cal. 2025).

Trespass to electronic files, personal information, or other data on a website must involve damage to, or impairment of, the functioning of the electronic device or system itself to be actionable.  In *Intel Corp. v. Hamidi*, the California Supreme Court held that a digital-trespass claim requires actual or threatened interference with the computer's functionality.  30 Cal. 4th 1342, 1353 (2003).  Consistent with *Hamidi*, courts routinely dismiss digital-trespass claims at the pleading stage where no system impairment is alleged.  *See, e.g., Vertkin v. Vertkin*, 2007 WL 4287512, at

*3 (N.D. Cal. Dec. 6, 2007) (dismissing claim where defendant allegedly obtained personal information but plaintiff failed to allege any damage to the computer system); *Casillas v. Berkshire Hathaway Homestate Ins. Co.*, 79 Cal. App. 5th 755, 762-65 (2022) (affirming dismissal where plaintiff failed to allege that the alleged trespass to electronic files caused damage to or disruption of the computer system); *Doe I v. Google LLC*, 741 F. Supp. 3d 828, 846 (N.D. Cal. 2024) (dismissing claim based on alleged taking of personal information because plaintiffs did not allege any impairment to the functioning of their devices). Plaintiffs do not allege that the devices used by the Minors to access Disney's videos on YouTube were damaged, impaired, or rendered unusable for any period of time. *See Casillas*, 79 Cal. App. 5th at 764–65.

Even if *Intel* allowed a claim based on alleged injury to the information or data, and not the device, Plaintiffs have alleged none. *Id.* at 765. Plaintiffs offer only the conclusory assertion that the value of their Personal Information was harmed because "children are unable to maintain the value of their personal data" if that information is obtained—in any capacity—by a corporate entity. (Compl. ¶ 184.) But Plaintiffs plead no facts supporting that their personal information ever held value to them, let alone that this value was impaired. The mere allegation that personal information is "valuable in the abstract," or that a company "might have made money from it," does not establish that the plaintiff has suffered any loss of money or property. *Doe I*, 741 F. Supp. 3d at 845 (*quoting Hazel v. Prudential Fin., Inc.*, 2023 WL 3933073, at *6 (N.D. Cal. June 9, 2023)). Likewise, courts reject speculative assertions that plaintiffs were "deprived of the opportunity to use and profit from their data." *Ziboukh v. Whaleco*, Inc., 795 F. Supp. 3d 349, 372 (E.D.N.Y. 2025). And courts applying Pennsylvania law have similarly held that plaintiffs must allege concrete facts showing that their data lost value to them—not

DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

merely that it was accessed by a third party. *See Adair v. Cigna Corp. Servs., LLC*, 2026 WL 295744, at *11 (E.D. Pa. Feb. 4, 2026).

Because Plaintiffs allege neither impairment to any device nor any non-speculative injury to their personal information, their trespass-to-chattels claim fails as a matter of law under California, Pennsylvania, and Colorado law.

### D.   Plaintiffs Fail to State a Negligence Claim

***Plaintiffs Fail to Allege a Duty Owed by Disney.***   To support the first element of negligence—duty—Plaintiffs allege that "Defendants owed a duty of care to safeguard the privacy and personal information of children who viewed the child-directed content on YouTube." (Compl. ¶ 282.)  As an initial matter, Plaintiffs again fail to plead which Defendant owes what duty to them and the factual basis for that allegation.  Disney and YouTube are separate and distinct entities and Plaintiffs may not seek to establish that Disney owes a duty of care simply by making allegations against unidentified "Defendants." *Mehedi v. View, Inc.*, 2023 WL 3592098, at *14 (N.D. Cal. May 22, 2023) ("Plaintiff must make individualized allegations of negligence.  For each Defendant, Plaintiff must allege the duty that they owed to Plaintiff and how that duty was breached.")  In any event, Plaintiffs allege no relationship between Disney and users of YouTube that gives rise to a duty of care, which courts routinely hold to be fatal to claims of negligence. *See, e.g., Wescott v. Google, LLC*, 2024 WL 3849345, at *3 (N.D. Cal. Aug. 15, 2024); *HealthONE v. Rodriguez ex rel. Rodriguez,* 50 P.3d 879, 888 (Colo. 2002); *Wright v. Federal Mach. Co., Inc.*, 535 F. Supp. 645, 650 (E.D. Pa. 1982) (same).

Nor do Plaintiffs allege that Disney is in possession of any information that could trigger a duty of care, because as discussed in Argument § II, Plaintiffs do not allege that Disney ever had access to that data.  Although Plaintiffs assert that "Defendants" had a duty of care not "to cause the collection, storage or misuse of such personal information," Compl. ¶ 284, Disney "owes no duty to control the

16                         CASE NO. 2:25-CV-08410-GW-RAO

conduct of another, nor to warn those endangered by such conduct." *Regents of Univ. of California v. Superior Ct.*, 4 Cal.5th 607, 619 (2018); *Felger v. Larimer Cnty. Bd. of Cnty. Comm'rs*, 776 P.2d 1169, 1172 (Colo. Ct. App. 1989). Moreover, Plaintiffs cannot avail themselves of COPPA to impose a duty of care on Disney, as COPPA does not apply to Disney.

***Plaintiffs Fail to Plead Damages/Causation.*** "[A]ppreciable, nonspeculative, present harm is an essential element of a negligence cause of action." *Medoff v. Minka Lighting, LLC*, 2023 WL 4291973, at *9 (C.D. Cal. May 8, 2023); *see also Smith v. Terumo BCT, Inc.*, 581 P.3d 1220, 1227 (Col. App. 2025). Plaintiffs plead no such injury—and even if they had, they do not allege that Disney caused any purported injury.

Although allegations of actual diminishment in the value of personal information can constitute injury, Plaintiffs' allegations fall far short of what is required. *See TikTok*, 2025 WL 3628598, at *24. To plead this element, Plaintiffs must allege an "appreciable, nonspeculative, present injury" to their property rights in their data. *Id.* They do not. Plaintiffs instead allege injury as a result of (1) the future risk to their personal information and (2) "future costs" related to the "compromise" of their data. (Compl. ¶ 291.) Courts consistently hold that such future-oriented, contingent harms are insufficient to sustain a negligence claim. *See In re Sony Gaming Networks & Customer Data Sec. Breach Litig.*, 903 F. Supp. 2d 942, 963 (S.D. Cal. 2012). Plaintiffs do not allege that any future harm is "certainly impending" or that there is a "substantial risk" it will occur. *Ass'n for Accessible Medicines v. Becerra*, 822 F. App'x 532, 533 (9th Cir. 2020). As courts have held in the context of data breach cases, a "bare allegation of increased risk of identity theft is too speculative" to show actual damages. *Holly v. Alta Newport Hosp., Inc.*, 612 F. Supp. 3d 1017, 1026 (C.D. Cal. 2020).

As for the alleged damages related to the Minors' Personal Information,

17                    CASE NO. 2:25-CV-08410-GW-RAO

"mere misappropriation of personal information does not establish compensable damages." *Pruchnicki v. Envision Healthcare Corp.*, 845 F. App'x 613, 614-15 (9th Cir. 2021). Plaintiffs do not allege that YouTube—or anyone—actually obtained their information, let alone that Disney interfered with, possessed, or diminished the value of their data.

Further, "plaintiffs asserting negligence claims ordinarily may not recover purely economic damages unconnected to physical injury or property damage." *Castillo v. Seagate Tech., LLC*, 2016 WL 9280242, at *5 (N.D. Cal. Sept. 14, 2016); *see also New Chemic (U.S.), Inc. v. Fine Grinding Corp.*, 948 F. Supp. 17, 19 (E.D. Pa. 1996); *Adams-Arapahoe Sch. Dist. No. 28-J v. GAF Corp.*, 959 F.2d 868, 871 (10th Cir. 1992) (applying Colorado law). Plaintiffs have failed to allege any applicable damage, relationship, or exception and their purported damages related to the value of their data represent purely economic damages.

Even if Plaintiffs had alleged a cognizable injury (they have not), they fail to allege that Disney caused it. *Dillingham Tug & Barge Corp. v. Collier Carbon & Chem. Corp.*, 707 F.2d 1086, 1092 (9th Cir. 1983) (causation required). Plaintiffs allege that certain Disney videos on YouTube were mis-designated (Compl. ¶¶ 139-45), but they do not plausibly allege that the Minors interacted with the mis-designated video content. (*See supra*, Agmt. §I.) Nor have they plausibly alleged that any purported data collection and tracking resulting from viewing Disney content, as opposed to content uploaded and mis-designated by other creators. Plaintiffs' negligence claims fail on this basis as well.

### E.     Negligence *Per Se* Is Not an Independent Cause of Action

As an initial matter, Count V should be dismissed because "[n]egligence *per se* is an evidentiary doctrine, rather than an independent cause of action." *Jones v. Awad*, 39 Cal. App. 5th 1200, 1210 (2019); *Zimmerman v. Highmark, Inc.*, 780 F. Supp. 3d 588, 603 (W.D. Pa. 2025) (same); *Espadero v. Feld*, 649 F. Supp. 1480,

DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

1482 (D. Colo. 1986) (same).  Plaintiffs "therefore may not allege negligence per se as a separate cause of action[.]"  *Tarob M & C Invs., LLC v. Herbert*, 2015 WL 5728426, at *4 (N.D. Cal. Sept. 30, 2015).  Regardless, Plaintiffs cannot invoke this doctrine by alleging that Disney violated COPPA.

First, courts routinely hold that negligence *per se* cannot be premised on a federal statute that lacks a private right of action because doing so would be "inconsistent with the legislative scheme."  *In re GE/CBPS Data Breach Litig.*, 2021 WL 3406374, at *10 (S.D.N.Y. Aug. 4, 2021); *see also Weinberg v. Advanced Data Processing, Inc.*, 147 F. Supp. 3d 1359, 1365–66 (S.D. Fla. 2015).  COPPA does not authorize a private right of action.  *Jones v. Google LLC*, 73 F.4th 636, 641 (9th Cir. 2023).  Accordingly, Plaintiffs cannot use negligence *per se* to manufacture a private right of action where Congress declined to create one.

Second, COPPA's text forecloses application to Disney because it applies only to an "operator" of a "website or online service."  15 U.S.C. § 6502; 16 C.F.R. § 312.3.  Plaintiffs' own allegations establish that YouTube—not Disney—is the "operator" because YouTube owns and controls the platform, implements the advertising and tracking technologies, and determines what data is collected and how.  (Compl. ¶¶ 34, 59, 65–69, 111–13, 118–21, 129.)  Disney's role is limited to uploading content and applying settings to its videos.  (*Id.* ¶¶ 74, 112, 115, 117.) That conduct does not make Disney an "operator."

Third, Disney did not collect the information at issue and therefore could not have violated COPPA.  (*See supra*, Agmt. § II.)  COPPA claims cannot be maintained against Channel Owners, like Disney here, because they do not collect Personal Information.  *See Hubbard*, 2025 WL 82211, at *16.  Plaintiffs' attempt to impose liability based on an "enabling" theory fails for the same reasons the *Hubbard* Court rejected efforts to hold Channel Owners "indirectly liable for Google's collection of Plaintiffs' data[.]"  *Id.* at *17.

DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

Fourth, Plaintiffs' theory ignores COPPA's scope. *See* 16 C.F.R. § 312.2. The FTC has confirmed that operators are "not required to provide parental notice or seek parental consent for collection of non-individually identifiable information that is not and will not be associated with an identifier." 64 Fed. Reg. 59888, 59892 (Nov. 3, 1999). Plaintiffs do not plausibly allege that Disney ever possessed individually identifiable Personal Information of the Minors. Nor can Plaintiffs extend COPPA through an aiding-and-abetting theory, as courts presume Congress does not create secondary liability absent explicit statutory text. *See In re Carrier IQ, Inc.*, 78 F. Supp. 3d 1051, 1090 (N.D. Cal. 2015).

Finally, in the event the Court concludes that COPPA does apply to Disney (which it should not), COPPA preempts Plaintiffs' state-law negligence claims because it requires actual knowledge to impose liability. *See* 15 U.S.C. § 6502(d). The Ninth Circuit's decision in *Jones v. Google LLC*, 73 F.4th 636 (9th Cir. 2023) does not require a different result. *Jones* held that Congress did not intend to preempt "all state remedies for violations of [COPPA]." *Id.* at 643. But *Jones* examined "state-law causes of action that are parallel to, or proscribe the same conduct forbidden by, COPPA." *Id.* Here, by contrast, Plaintiffs' negligence claims attempt to impose liability based upon mere negligence by Disney—not COPPA's more stringent actual knowledge standard. *See* 15 U.S.C. §§ 6502(a)(1) and (b)(1)(A). Accepting Plaintiffs' theory would eliminate COPPA's actual-knowledge requirement, which serves as a foundational aspect of COPPA liability. *See, e.g.*, *New Mexico ex rel. Balderas v. Tiny Lab Prods.*, 457 F. Supp. 3d 1103, 1120-21 (D.N.M. 2020) ("It would be inconsistent with COPPA's imposition of an actual knowledge-standard … to hold the [defendants] liable under state law for their collection of personal information … in the absence of allegations that the [defendants had actual knowledge]."); *see also NetChoice v. Brown*, 2025 WL 3267786, at *21 (D. Md. Nov. 24, 2025).

20                    CASE NO. 2:25-CV-08410-GW-RAO

DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

Accordingly, Plaintiffs' negligence *per se* claim should be dismissed.

### F.    Plaintiffs Cannot State a Claim for Unjust Enrichment

Plaintiffs' unjust enrichment claim also fails for multiple, independent reasons.  First, under California law, "there is no cause of action…for unjust enrichment." *Everett v. Mountains Recreation & Conservation Auth.*, 191 Cal. Rptr. 3d 59, 67 (Cal. Ct. App. 2015); *Griffith v. TikTok, Inc.*, 2023 WL 9019035, at *1, *6 (C.D. Cal. Dec. 13, 2023) (dismissing unjust enrichment claim based on alleged third-party data collection).  Accordingly, Plaintiffs' claim under California law fails for this reason alone.

Second, even if construed as a quasi-contract claim for restitution, the claim still fails because Plaintiffs do not allege that they conferred any benefit on Disney.  Plaintiffs allege no relationship with Disney and do not claim that they directly provided Disney with money, services, or anything of value.  Any purported benefit Disney allegedly received would have flowed, if at all, indirectly through its separate contractual relationship with YouTube—an attenuation that is fatal to a restitution theory.  Courts routinely reject unjust-enrichment claims where the alleged benefit is indirect or where no relationship exists between the parties.  *See Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 685 (9th Cir. 2009) (affirming dismissal for "lack of any prior relationship"); *Katz-Lacabe v. Oracle Am., Inc.*, 668 F. Supp. 3d 928, 946 & n.11 (N.D. Cal. 2023) (dismissing unjust-enrichment claim for lack of privity); *St. Luke's Health Network, Inc. v. Lancaster General Hosp.*, 2024 WL 4173783, at *3 (E.D. Pa. Sept. 12, 2024) (plaintiffs must establish "that they—not an independent third party—conferred a benefit on Defendants").

Third, Plaintiffs fail to allege that any benefit was obtained at Plaintiffs' expense.  Plaintiffs do not allege that they paid money to view videos on YouTube, purchased any Disney product or service, or otherwise incurred any out-of-pocket loss. *See Katz-Lacabe*, 668 F. Supp. 3d at 946 (dismissing pixel tracking claim

21                    CASE NO. 2:25-CV-08410-GW-RAO

because plaintiffs "have neither directly expended their own resources, nor shown that their property has become less valuable").

Finally, Plaintiffs fail to plead non-conclusory allegations that they lack adequate remedies at law. *Sonner v. Premier Nutrition Corp.*, 971 F.3d 834, 844 (9th Cir. 2020).

## IV. THE COURT SHOULD DISMISS PLAINTIFFS' STATUTORY CLAIMS FOR FAILURE TO STATE A CLAIM

### A. Plaintiffs Do Not and Cannot State a Claim Under the California UCL

The UCL is not a free-floating privacy statute; it requires a business practice that is unlawful, unfair, or fraudulent, and Plaintiffs allege none. Their theory rests entirely on the premise that Disney violated COPPA and misled consumers—yet they plead no facts showing that Disney violated any law, made any misrepresentation, or engaged in any conduct directed at them. Plaintiffs also lack statutory standing.

#### 1. Plaintiffs Fail to State a Claim Under the Unlawful Prong

Plaintiffs allege that Disney engaged in unlawful business practices by violating COPPA, but fail to plausibly allege a COPPA violation. (*See supra*, Agmt. §III(E).) "If a plaintiff cannot state a claim under the predicate law … the UCL claim also fails." *Hadley v. Kellogg Sales Co.*, 243 F. Supp. 3d 1074, 1094 (N.D. Cal. 2017).

#### 2. Plaintiffs Fail to State a Claim Under the Fraudulent Prong

Plaintiffs allege only vague "assurances" that "Defendants" supposedly made about protecting user information. (Compl. ¶ 327.) These allegations do not satisfy Rule 9(b), which requires Plaintiffs to plead the who, what, when, where, and how of any alleged misrepresentation. *See Romero*, 740 F. Supp. 2d at 1147 (dismissing UCL fraud claim where plaintiffs failed to identify which defendant made which

22                    CASE NO. 2:25-CV-08410-GW-RAO

statement); *Glen Holly Entm't, Inc. v. Tektronix, Inc.*, 100 F. Supp. 2d 1086, 1095 (C.D. Cal. 1999) ("Mere conclusory allegations of fraud are insufficient.").

Plaintiffs do not allege that Disney made any representation to them, concealed any information from them, or engaged in any conduct directed at them. Their fraudulent-prong claim therefore fails.

### 3. Plaintiffs Fail to State a Claim Under the Unfair Prong

Plaintiffs' unfair-prong theory is based on the same allegations underlying their unlawful and fraudulent prong theories—namely, that Disney mis-designated videos and thereby enabled YouTube to collect data. (Compl. ¶ 328.)  Where the alleged unfair conduct wholly overlaps with conduct challenged under the other prongs, the unfair-prong claim cannot survive if the other prongs fail.  *See Hadley*, 243 F. Supp. 3d at 1104; *In re Actimmune Mktg. Litig.*, 2009 WL 3740648, at *14 (N.D. Cal. Nov. 6, 2009), *aff'd*, 464 F. App'x 651 (9th Cir. 2011).  Because Plaintiffs' allegations fail under the unlawful and fraudulent prongs, the unfair prong claim falls with them.  Plaintiffs further fail to satisfy any of the three tests California courts apply.

*Public Policy Test.*  A business practice is "unfair" if it violates a specific, established public policy.  *See Yoo v. JPMorgan Chase Bank*, 2009 WL 4823376, at *4 (C.D. Cal. Dec. 7, 2009).  Plaintiffs identify only COPPA as the relevant public policy (Compl. ¶ 96), but they do not plausibly allege a COPPA violation.  Plaintiffs therefore cannot tether their claim to any public policy.  *Warren v. Specialized Loan Servicing., LLC*, 2026 WL 92303, at *4-6 (C.D. Cal. Jan. 6, 2026).

*Immoral Test.*  Nor have Plaintiffs sufficiently alleged an unfair practice under the immoral test, which considers "whether the practice is immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers.'"  *Id.* at *4.  These "wholly conclusory" allegations, where Plaintiffs merely "cite[] [Defendants'] alleged" misuse of Plaintiffs' personal information and data and "asserts" that it

23                         CASE NO. 2:25-CV-08410-GW-RAO

DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

constitutes "immoral, unethical, oppressive, unscrupulous, and/or substantially injurious" acts and practices, cannot state a claim for unfair acts and practices. *See Wright v. Ocwen Loan Servicing, LLC*, 2011 WL 13223956, at *17 (C.D. Cal. July 12, 2011); *see also Watkinson v. MortgageIT, Inc.*, 2010 WL 2196083, at *7 (S.D. Cal. June 1, 2010) ("[T]he Court cannot conclude from these conclusory allegations whether Defendants' actions 'offend[ ] an established public policy' or if they are 'immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers.'").

*Balancing Test.* Finally, Plaintiffs do not allege an unfair practice under the balancing test, which requires the court to "weigh the utility of the defendant's conduct against the gravity of the harm to the alleged victim." *Warren*, 2026 WL 92303, at *4. The Complaint is devoid of allegations regarding the utility of Disney's conduct. Plaintiffs do not even attempt to satisfy the balancing test by offering conclusory assertions, much less factual allegations about whether the alleged harm outweighs Disney's reasons, justifications, and motives for its own business practices. *See Doe v. CVS Pharmacy*, 982 F.3d 1204, 1215 (9th Cir. 2020) (insufficient to "assert in a conclusory fashion that [defendant's] conduct outweighs any justification, motive or reason therefor, but they do not allege how that is so"); *Elias v. Hewlett-Packard Co.*, 903 F. Supp. 2d 843, 858 (N.D. Cal. 2012) (dismissing claim for failure to "allege any basis for concluding that th[e] injury outweighs the reasons, justifications, and motives of Defendants").

4. Lack of Statutory Standing

Plaintiffs also lack standing to pursue a UCL claim because they do not allege any cognizable economic injury. A private plaintiff must plead that they "lost money or property as a result of" the challenged conduct. Cal. Bus. & Prof. Code § 17204. Plaintiffs do not allege that they paid a price premium, purchased a product or service worth less than what they paid, or suffered any out-of-pocket

24                                    CASE NO. 2:25-CV-08410-GW-RAO

loss.  Their attempt to rely on a supposed diminution in the value of their data is unsupported by factual allegations and is insufficient to establish standing.  *See Bartholomew v. Parking Concepts, Inc.*, 118 Cal.App.5th 438, 563 (2026); *Manning v. Zumpano Patricios, P.A.*, 2025 WL 3062563, at *7 n.8 (S.D. Fla. Nov. 3, 2025).

For all these reasons, the UCL claim cannot proceed.

### B.    Plaintiffs' Federal Wiretap Claim Fails on Multiple, Independent Grounds

Plaintiffs fail to allege any of the elements required to state a claim under the ECPA, and their claims as to Disney should be dismissed.

#### 1.    Plaintiffs Do Not Allege Interception by Disney

The ECPA imposes liability only on the entity that actually intercepts a communication; it does not recognize aiding-and-abetting or other forms of secondary liability.  *See Freeman v. DirecTV, Inc.*, 457 F.3d 1001, 1009 (9th Cir. 2006).  Plaintiffs do not allege that Disney "intentionally intercept[ed], endeavor[ed] to intercept, or procure[d] any other person to intercept" any communication.  18 U.S.C. § 2511(1).  Instead, they allege that YouTube and its advertisers intercepted their communications.  (Compl. ¶¶ 345–47.)

That is fatal.  Even accepting Plaintiffs' allegations as true, Disney is not the interceptor, and the Wiretap Act does not impose liability on entities that merely "allow" a platform to use the website's own tracking tools.  *Freeman*, 457 F.3d at 1009.

To the extent Plaintiffs suggest that YouTube "intercepted" their communications with the YouTube platform (Compl. ¶¶ 345–47), that theory fails because a party to a communication cannot intercept its own communications.  18 U.S.C. § 2511(2)(d); *R.C. v. Walgreen Co.*, 733 F. Supp. 3d 876, 900-01 (C.D. Cal. 2024).  YouTube is the platform delivering the videos and receiving the user's clicks, views, and interactions.  It is therefore a party to the communication, not a

25                    CASE NO. 2:25-CV-08410-GW-RAO

third-party eavesdropper.  Plaintiffs' allegations thus fail to identify any interceptor at all, much less Disney.  On this basis alone, Plaintiffs' ECPA claim should be dismissed.

2.  <u>Plaintiffs Do Not Allege Interception of "Contents" Under the ECPA</u>

The ECPA protects only the "contents" of a communication—meaning the substance or meaning of a message conveyed from one party to another.  *See* 18 U.S.C. § 2510(8); *see also In re Zynga Privacy Litigation*, 750 F.3d 1098, 1106 (9th Cir. 2014).  Plaintiffs do not allege that any such "contents" were intercepted.

Instead, Plaintiffs assert that YouTube collected "browsing information and personally identifying information."  (Compl. ¶ 345.)  Courts consistently hold that these categories of data are not "contents" because they do not reveal the substance or meaning of any communication.  *Zynga*, 750 F.3d at 1106.  Indeed, ECPA claims have repeatedly failed when predicated on the very types of data Plaintiffs identify:

• Keystrokes, mouse clicks, pages viewed, timestamps, IP addresses, device information, and other interaction data are not contents.  *Yoon v. Lululemon USA, Inc.*, 549 F. Supp. 3d 1073, 1082–83 (C.D. Cal. 2021).

• Non-sensitive browsing history is not contents.  *Griffith v. TikTok, Inc.*, 2024 WL 4308813, at *7 (C.D. Cal. Sept. 9, 2024).

• Website clicks are not contents.  *King v. Hard Rock Cafe Int'l (USA), Inc.*, 2025 WL 1635419, at *4 (E.D. Cal. June 9, 2025).

• URLs and general browsing information are not contents.  *Cook v. GameStop, Inc.*, 689 F. Supp. 3d 58, 69–72 (W.D. Pa. 2023).

These decisions reflect a consistent rule:  ordinary web-browsing metadata is not the "substance" of any communication and therefore falls outside the ECPA.

That conclusion is even clearer here because Plaintiffs do not allege that any sensitive or message-bearing information was captured.  Courts distinguish between routine browsing data (not contents) and inherently sensitive information, such as

26    CASE NO. 2:25-CV-08410-GW-RAO

medical-related communications. *Compare Griffith*, 2024 WL 4308813, at *7 (non-sensitive browsing data not contents) *with W.W. v. Orlando Health, Inc.*, 2025 WL 722892, at *5–6 (M.D. Fla. Mar. 6, 2025) (medical-related information may constitute contents).

Because Plaintiffs allege only routine interaction data—clicks, views, and identifiers—they fail to plead interception of any "contents" under § 2510(8). Their ECPA claim fails for this independent reason.

3. Plaintiffs Do Not Allege Any Interception "During Transmission"

The ECPA applies only to the contemporaneous interception of a communication while it is in transit. *See Konop v. Hawaiian Airlines, Inc.*, 302 F.3d 868, 878 (9th Cir. 2002). To state a claim, Plaintiffs must plausibly allege that the communications was intercepted as it was en route—not before it was sent, not after it arrived, and not while it was stored. *See id.*

Courts recognize that, because of the speed at which internet communications occur, the ECPA's application to online activity is "undoubtedly limited." *NovelPoster v. Javitch Canfield Grp.*, 140 F. Supp. 3d 938, 951 (N.D. Cal. 2014). Indeed, it is "nearly impossible" for an interception to occur during the milliseconds in which data is actually in transit. *Id.*; *see also Konop*, 302 F.3d at 877–78.

Plaintiffs do not come close to meeting this requirement. They refer generally to "interception" (Compl. ¶¶ 346–49), but they allege no facts showing that any data was acquired while in transit, as the statute requires. Courts routinely dismiss such conclusory allegations. *See Valenzuela v. Super Bright LEDs Inc.*, 2023 WL 8424472, at *9 (C.D. Cal. Nov. 27, 2023) (alleging "interception" without facts showing contemporaneous acquisition is insufficient); *Rodriguez v. Google LLC*, 2022 WL 214552, at *2 (N.D. Cal. Jan. 25, 2022) (repeatedly using the word "intercept" does not make the claim plausible.)

Because Plaintiffs do not allege that any communication was intercepted

27        CASE NO. 2:25-CV-08410-GW-RAO

DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

during transmission, their ECPA claim fails for this independent reason.

### 4. The One-Party Consent Rule Bars Plaintiffs' Claim, and the Crime-Tort Exception Does Not Apply

Plaintiffs' ECPA claim independently fails under the one-party consent rule. Interception is permitted under the ECPA where one party to the communication consents. *See* 18 U.S.C. § 2511(2)(d). The alleged interception here arises from the Minors' interactions with videos on the YouTube platform. (Compl. ¶ 345.) YouTube is therefore a party to the communication, and its alleged collection and use of interaction data—whether directly or through "its advertisers"—falls squarely within the one-party-consent rule.

Plaintiffs attempt to invoke the crime-tort exception, but that exception applies only where the interception was undertaken "for the purpose of committing any criminal or tortious act." 18 U.S.C. § 2511(2)(d). Courts construe this exception narrowly, requiring that the criminal or tortious purpose be the "primary motivation" or a "determinative factor" behind the interception itself. *In re DoubleClick Inc. Privacy Litig.*, 154 F. Supp. 2d 497, 514–15 (S.D.N.Y. 2001).

Critically, courts look to "the purpose of the recording itself, not the purpose of the underlying communication." *Cohen v. Casper Sleep Inc.*, 2018 WL 3392877, at *3 (S.D.N.Y. July 12, 2018). The exception is limited to interceptions intended to harm the user—"such as to blackmail, threaten, or publicly embarrass" them. co *Id.* The "independent of the act of recording itself" is insufficient. *Caro v. Weintraub*, 618 F.3d 94, 100 (2d Cir. 2010); *see also Joiner v. NHL Enters., Inc.*, 2025 WL 2846431, at *8 (S.D.N.Y. Aug. 29, 2025).

Plaintiffs allege none of this. They do not claim that YouTube—or Disney—intercepted communications to threaten, extort, embarrass, or otherwise harm users. Their allegations concern routine analytics and advertising practices, which courts consistently hold fall outside the exception. *See Lakes v. Ubisoft, Inc.*, 777 F. Supp.

28

CASE NO. 2:25-CV-08410-GW-RAO

DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

3d 1047, 1057-58 (N.D. Cal. 2025) (crime-tort exception inapplicable in pixel-tracking case); *T.D. v. Piedmont Healthcare, Inc.,* 2024 WL 3972984, at *4 (N.D. Ga. Aug. 28, 2024) (crime-tort exception inapplicable in pixel-tracking case, consistent with "weight of persuasive authority").

Plaintiffs claim that the exception applies based upon purported violations of COPPA, but COPPA is neither a criminal statute nor a tort statute, and it creates no private right of action. *See* 16 C.F.R. § 312 *et seq.* Nor have Plaintiffs alleged any violation of COPPA to rely upon for these purposes.

### C. Plaintiffs' Pennsylvania Wiretap Claim Fails for the Same Reasons

Plaintiffs assert a claim under Pennsylvania's Wiretapping and Electronic Surveillance Control Act ("WESCA") on behalf of a Pennsylvania Subclass, based on the same theory underlying their ECPA claim. *See* 18 Pa. Cons. Stat. §§ 5704(4), 5725(a). Plaintiffs' WESCA claim falls with its ECPA claim because they are "interpreted identically." *Ideal Aerosmith, Inc. v. Acutronic USA, Inc.,* 2007 WL 4394447, at *3 (W.D. Pa. 2007).

## V. THE DOJ SETTLEMENT MOOTS ANY REQUEST FOR INJUNCTIVE RELIEF

Plaintiffs seek "injunctive relief as appropriate." But the DOJ settlement already mandates all the measures Plaintiffs could hope to impose here, including video-by-video MFK/NMFK designations, an Audience Designation Program, employee training, and the cessation of the challenged practices. (Ex. B §§ I–II.) Courts routinely dismiss duplicative requests for injunctive relief where a government settlement has already secured the same relief and no ongoing or future harm is plausibly alleged. *See In re BetterHelp, Inc.*, 2024 WL 4504527, at *3 (N.D. Cal. Oct. 15, 2024); *In re Pre-Filled Propane Tank Antitrust Litig.*, 893 F.3d 1047, 1054–58 (8th Cir. 2018). Because the DOJ settlement already supplies the full scope of injunctive relief available, Plaintiffs' request for injunctive relief is

DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

moot.

## **CONCLUSION**

Disney respectfully requests that the Court dismiss the Complaint with prejudice.

DATED:  April 3, 2026

KELLEY DRYE & WARREN LLP
Lauri A. Mazzuchetti (*pro hac vice*)
Whitney M. Smith (*pro hac vice pending*)
Rebecca Durrant (State Bar No. 350444)

By:  /s/*Rebecca Durrant*
     Rebecca Durrant

Attorneys for Defendants The Walt Disney Company, Disney Worldwide Services, Inc., and Disney Entertainment Operations LLC

## **CERTIFICATE OF COMPLIANCE**

The undersigned, counsel of record for Defendants Disney Worldwide Services, Inc. and Disney Entertainment Operations LLC, certifies that this brief contains 8960 words, which complies with the word limit set in the Court's March 31, 2026 Order extending the word limit beyond that permitted by L.R. 11-6.1.

DATED:  April 3, 2026

KELLEY DRYE & WARREN LLP
Rebecca Durrant (State Bar No. 350444)

By:  /s/*Rebecca Durrant*
     Rebecca Durrant

*Attorneys for Defendants The Walt Disney Company, Disney Worldwide Services, Inc., and Disney Entertainment Operations LLC*

DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

## **CERTIFICATE OF SERVICE**

I certify that on April 3, 2026, I electronically filed the foregoing with the Clerk of Court using CM/ECF, which automatically serves all counsel of record for the parties who have appeared.

Dated:  April 3, 2026                          By:    /s/*Rebecca Durrant*
                                                        Rebecca Durrant

CASE NO. 2:25-CV-08410-GW-RAO

DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION TO DISMISS