Anthony J Weibell (SBN 238850)
*aweibell@mayerbrown.com*
Nina He (SBN 346294)
*nhe@mayerbrown.com*
**MAYER BROWN LLP**
Two Palo Alto Square, Suite 300
Palo Alto, CA 94306
Telephone: (650) 331-2030

Sophia M. Mancall-Bitel (SBN 337002)
*smancall-bitel@mayerbrown.com*
Sarah A. Hsu (SBN 348402)
*shsu@mayerbrown.com*
**MAYER BROWN LLP**
333 S. Grand Ave., 47th Floor
Los Angeles, CA 90071
Telephone: (213) 229-9500

Edith Ramirez (SBN 165872)
*edith@eramirezlaw.com*
119 E. Union Street, Suite C
Pasadena, CA 91103
Telephone: (202) 322-2255

*Attorneys for Defendants*
*Google LLC and YouTube LLC*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| In re Disney Worldwide Services COPPA Litigation | Case No.: 2:25-cv-08410-GW-RAO<br><br>**DEFENDANTS GOOGLE LLC AND YOUTUBE LLC'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS' CONSOLIDATED COMPLAINT**<br><br>Judge: Hon. George H. Wu |

Date: June 15, 2026
Time: 8:30 a.m.
Place: Courtroom 9D

Action Filed: October 16, 2025
Trial Date: None

## INTRODUCTION

Defendants Google LLC and YouTube LLC (collectively, "Google") respectfully request that the Court consider Exhibits A through G attached to the Declaration of Sarah A. Hsu ("Hsu Decl.") in Support of Google's Request for Judicial Notice, one YouTube video linked therein, and the existence of three YouTube Kids videos and three YouTube channels linked therein, in connection with Google's Motion to Dismiss Plaintiffs' Consolidated Complaint ("Complaint"), filed concurrently herewith.

Courts may consider documents incorporated by reference and matters of judicial notice on a Rule 12(b)(6) motion to dismiss. *Bodenburg v. Apple Inc.*, 146 F.4th 761, 768 n.2 (9th Cir. 2025).

Exhibits A through G to the Hsu Declaration, as well as one YouTube video linked therein, *see* Hsu Decl. ¶ 10, are properly before the Court because they are incorporated by reference into Plaintiffs' Complaint. The incorporation by reference doctrine allows courts to consider documents "whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the [plaintiff's] pleading." *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005) (quotation marks and citation omitted). Exhibits A through G include: (A) the stipulated civil penalty and permanent injunction entered in the Federal Trade Commission ("FTC") and the New York Attorney General's September 2019 joint action against Google; (B) the complaint filed in the Department of Justice's September 2025 action against Disney Worldwide Services, Inc. and Disney Entertainment Operations LLC ("Disney") on behalf of the FTC; (C) the stipulated permanent injunction entered in the same Disney action; (D) YouTube LLC's Terms of Service; (E) YouTube Kids Privacy Notice; (F) one page from the YouTube Help Center; and (G) one page from the YouTube For Families Help Center. Plaintiffs rely on and quote Exhibit F, cite Exhibits B, D, and E, as well as a YouTube video uploaded by Google to the YouTube platform, and refer to Exhibits A, C, and G, in support of their allegations throughout the Complaint.

In addition, Google respectfully asks the Court to take judicial notice of Exhibits A

through G to the Hsu Declaration, Hsu Decl. ¶¶ 3–9, one YouTube video linked therein, *id.* ¶ 10, and the existence of three YouTube Kids videos and three YouTube channels linked therein, *see id.* ¶ 11. Federal courts may take judicial notice of documents that are "not subject to reasonable dispute because [they] . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b); *see Bodenburg*, 146 F.4th at 768 n.2 (in granting motion to dismiss, district court properly took judicial notice of screenshots of defendant's webpage "because their accuracy was not disputed, and the documents were relevant to [plaintiff's] claims"). Judicial notice is warranted because Exhibits A through G, as well as the YouTube video, Hsu Decl. ¶ 10,[1] are from publicly available websites and sources and their contents are not subject to reasonable dispute. Furthermore, courts routinely take judicial notice of publicly available information on a website maintained by a government entity as well as court filings and other matters of public record. Further, the Court may take judicial notice of the existence of three YouTube Kids videos and three YouTube channels for Disney brands, Hsu Decl. ¶ 11,[2] the content of which is irrelevant for the purposes of Google's Motion to Dismiss. Therefore, the Court may consider Exhibits A through G, as well as the YouTube video, as incorporated by reference into the Complaint and, separately, may deem Exhibits A through G, the YouTube video, and the existence of the YouTube Kids videos and YouTube channels, judicially noticed.

---

[1] As set forth in the Hsu Declaration, the YouTube video posted by Google on the YouTube platform is titled "Important Update for All Creators: Complying with COPPA." Hsu Decl. ¶ 10.

[2] As set forth in the Hsu Declaration, the YouTube Kids videos are "Mariah Carey - Always Be My Baby (Official Music Video)," "Ina Garten's Skillet Roasted Lemon Chicken | Barefoot Contessa | Food Network," and "The best of Lebron James at the Olympics | Athlete Highlights." The YouTube channels for Disney brands are the Marvel Entertainment YouTube channel, the Star Wars YouTube channel, and the National Geographic YouTube channel. Hsu Decl. ¶ 11.

## I. THE COURT MAY CONSIDER THE FTC DOCUMENTS (EXHIBITS A–C).

**Exhibits A through C are incorporated by reference into the Complaint**. Plaintiffs explicitly refer to and rely on the stipulated order entered in the FTC's 2019 action against Google (Exhibit A), as well as that agency's 2025 complaint against Disney and corresponding stipulated order (Exhibits B and C). *See* Compl. ¶¶ 4, 105 (Exhibit A); *id.* ¶¶ 76, 153–58, 160–61 (Exhibit B); *id.* ¶¶ 159 n.55, 162–63, 223 (Exhibit C). Exhibits A through C are thus incorporated by reference into the Complaint. *See ScripsAmerica, Inc. v. Ironridge Glob. LLC*, 119 F. Supp. 3d 1213, 1232 (C.D. Cal. 2015) (state court order that was "referenced in the complaint" incorporated by reference); *In re Am. Apparel, Inc. S'holder Derivative Litig.*, 2012 WL 9506072, at *19 (C.D. Cal. July 31, 2012) (complaint from another lawsuit that was "repeatedly referenced in the complaint" incorporated by reference).

**Exhibits A through C are subject to judicial notice.** Courts may take judicial notice of court filings and other matters of public record. *See Cooney v. Dwyer*, 2025 WL 1823957, at *1 n.1 (9th Cir. July 2, 2025) (judicial notice of "relevant court records and government websites"); *Fitzgerald v. GEM Funding, LLC*, 2022 WL 4537881, at *6 (N.D. Cal. Sept. 28, 2022) (judicial notice of FTC complaint and order). Exhibits A through C are court documents, so they are judicially noticeable.

## II. THE COURT MAY CONSIDER THE YOUTUBE SOURCES (EXHIBITS D-G AND THE YOUTUBE VIDEO) AND THE EXISTENCE OF YOUTUBE KIDS AND YOUTUBE CHANNELS.

Documents, including webpages, are incorporated into a pleading that explicitly references or cites them. *See Smith v. Substack, Inc.*, 2024 WL 3757501, at *4 (N.D. Cal. Aug. 12, 2024) (defendant's Content Guidelines that were explicitly referenced in complaint incorporated by reference); *Millare v. Bank of Am., N.A.*, 2022 WL 1843133, at *2 (C.D. Cal. Jan. 25, 2022) ("web pages, setting forth Defendants' policies and other matters, that are cited and partially quoted in Plaintiff's Complaint" incorporated by reference).

Courts also routinely take judicial notice of publicly available websites and their contents. *See, e.g.*, *Novation Sols., Inc. v. Issuance Inc.*, 2023 WL 5505908, at *4 (C.D. Cal. June 27, 2023) (judicial notice of plaintiff's Vimeo and YouTube videos); *Wallster, Inc. v. Redbubble, Inc.*, 2022 WL 17371051, at *1 n.1 (C.D. Cal. Oct. 21, 2022) (judicial notice of defendant's online user agreement and intellectual property policy).

**Exhibits D through G and the YouTube video, Hsu Decl. ¶ 10, are incorporated by reference into the Complaint.** The Complaint explicitly references and cites Exhibits D through G and the YouTube video. *See* Compl. ¶ 33 n.9 (YouTube LLC's Terms of Service, Exhibit D); *id.* ¶ 126 (YouTube Kids Privacy Notice, Exhibit E); *id.* ¶ 147 n.49 (YouTube Help Center, Exhibit F); *id.* ¶ 113 n.41 (YouTube video, Hsu Decl. ¶ 10). They are thus incorporated by reference into the Complaint, and the Court may consider them on a Rule 12(b)(6) motion.

Additionally, because Plaintiffs rely on and cite to multiple pages from the YouTube Help Center, the entire Help Center website is incorporated by reference into Plaintiffs' Complaint. *See* Compl. ¶¶ 109 n.40, 115 n.42, 147 n.49; *see also Abed v. Mike Bloomberg 2020, Inc.*, 2020 WL 7315018, at *2 (C.D. Cal. Aug. 5, 2020) (screenshot of website incorporated by reference where "the Complaint include[d] screenshots of and quotes from the same website"). Exhibit G is viewable on the same www.support.google.com website that Plaintiffs repeatedly cite throughout the Complaint to support their allegations and thus incorporated by reference. *See Abed*, 2020 WL 7315018, at *2.

**Exhibits D through G and the YouTube video are subject to judicial notice.** Because these Exhibits are publicly available webpages and videos, and are not subject to reasonable dispute, they are proper for judicial notice. *See, e.g.*, *Novation*, 2023 WL 5505908, at *4; *Wallster*, 2022 WL 17371051, at *1 n.1.

**The existence of YouTube Kids videos and YouTube channels is subject to judicial notice.** The Court may take judicial notice of the existence of the YouTube Kids videos and YouTube channels linked in the Hsu Declaration, *see* Hsu Decl. ¶ 11, the content of which is irrelevant for the purposes of Google's Motion to Dismiss. *See Carson*

*v. Experian Info. Sols., Inc.*, 2019 WL 3073993, at *2 (C.D. Cal. July 9, 2019) (taking judicial notice of existence of publicly available webpages).

## CONCLUSION

For the foregoing reasons, Google respectfully requests that the Court consider Exhibits A through G to the Hsu Declaration and the YouTube video linked therein as incorporated by reference, deem Exhibits A through G to the Hsu Declaration, the YouTube video linked therein, and the existence of the YouTube Kids videos and YouTube channels linked therein as judicially noticeable, and consider all of the Exhibits, the YouTube video, and the existence of YouTube Kids videos and YouTube channels in connection with Google's Motion to Dismiss.

Dated: April 3, 2026

Respectfully submitted,

MAYER BROWN LLP

By: */s/ Anthony J Weibell*
Anthony J Weibell

Attorneys for Defendants
GOOGLE LLC AND YOUTUBE LLC