Tina Wolfson (SBN 174806)
twolfson@ahdootwolfson.com
**AHDOOT & WOLFSON, PC**
2600 W. Olive Ave. Suite 500
Burbank, CA 91505
Tel: (310) 474-9111
Fax: (310) 474-8585

Jean S. Martin *(admitted pro hac vice)*
jmartin@awkolaw.com
**AYLSTOCK, WITKIN,**
**KREIS & OVERHOLTZ PLC**
17 East Main Street, #200
Pensacola, Florida 32502
Tel: (850) 266-2893
Fax: (850) 916-7449

William J. Edelman (SBN 285177)
wedelman@milberg.com
**MILBERG, PLLC**
280 South Beverly Drive, Penthouse
Beverly Hills, CA 90212
(771) 474-1121

*Plaintiffs' Interim Co-Lead Counsel*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

In Re Disney Worldwide Services COPPA Litigation

Case No. 2:25-CV-08410-GW-RAO

Complaint Filed: February 17, 2026

**PLAINTIFFS' OBJECTIONS TO DEFENDANT GOOGLE LLC'S AND YOUTUBE LLC'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS' CONSOLIDATED COMPLAINT**

Hon. George H. Wu

## I. INTRODUCTION

Google's request for judicial notice should be granted only in limited part. Although the Court may judicially notice the existence of certain public records and the fact that certain materials appeared on identified webpages, it may not take judicial notice of the truth of disputed factual assertions within those materials, nor may it use judicial notice to resolve factual disputes at the pleading stage. *See* Fed. R. Evid. 201(b); *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 999–1000 (9th Cir. 2018); *Lee v. City of Los Angeles*, 250 F.3d 668, 689–90 (9th Cir. 2001).

On a Rule 12(b)(6) motion, the Ninth Circuit has repeatedly cautioned against overuse of judicial notice and incorporation by reference to "short-circuit" otherwise plausible claims. *Khoja*, 899 F.3d at 998–1002. Thus, even where a source itself is authentic or publicly available, Rule 201 does not permit the Court to accept as true facts that remain reasonably disputed or "subject to varying interpretations." *Id.* at 999–1000.

## II. ARGUMENT

### A. EXHIBITS A–C

Plaintiffs do not oppose judicial notice of Exhibits A–C—the FTC complaint, stipulated order, and related injunction materials—for the limited purpose of establishing the existence of those filings, the fact of the proceedings, and the terms of the orders entered. But any such notice must be expressly limited. The law does not permit the Court to take judicial notice of the truth of disputed factual statements contained in those filings, and Google may not rely on those materials to import its own version of contested facts into the pleadings analysis. *Lee*, 250 F.3d at 689–90; *Khoja*, 899 F.3d at 999.

### B. EXHIBITS D–G

Plaintiffs object to judicial notice of Exhibits D–G—the YouTube Terms of Service, YouTube Kids Privacy Notice, and YouTube Help Center materials—except, at most, for the narrow fact that certain webpages existed and displayed certain text

at the cited URLs. Even when a website is publicly accessible, Rule 201 requires not only a reliable source but also an indisputable fact. *Khoja*, 899 F.3d at 999; *see also Japanese Vill., LLC v. Fed. Transit Admin.*, 843 F.3d 445, 454 (9th Cir. 2016).

That limitation is especially important here because these are dynamic corporate webpages that may change over time and are susceptible to competing interpretations. Google cannot use judicial notice to establish which version controlled, what legal effect the webpages had, what users understood from them, or whether the materials support Google's preferred factual narrative. *Khoja*, 899 F.3d at 999–1000, 1002.

### C. VIDEO EXHIBITS

Plaintiffs likewise object to judicial notice of the YouTube videos except, at most, as to the fact that the videos appeared at identified URLs and contained certain visible material on the page. That is the outer limit of what could plausibly be noticed under Rule 201. The Court should not take judicial notice of the truth of statements made in the videos, the correctness of any assertions conveyed by them, or Google's interpretation of what the videos purportedly show. *See Lee*, 250 F.3d at 689–90; *Khoja*, 899 F.3d at 999–1000.

The same is true of any comments, view counts, or surrounding page material. Those features are not proper subjects of judicial notice for their truth and, in any event, are readily subject to change and dispute. At the motion-to-dismiss stage, judicial notice cannot be used as a backdoor means of introducing Google's factual narrative. *Khoja*, 899 F.3d at 998–1000.

## III. CONCLUSION

For these reasons, Plaintiffs respectfully request that the Court grant Google's request for judicial notice only as to Exhibits A–C, and only for the limited purpose of recognizing the existence of the proceedings and the contents of the filed orders and pleadings—not for the truth of any disputed factual assertions therein. As to Exhibits D–G and the video exhibits, the Court should deny the request, or

alternatively limit any notice strictly to the existence of the identified webpages or videos and the fact that certain material appeared there, without accepting Google's characterization of those materials or the truth of any matters asserted therein.

Dated: May 8, 2026

Respectfully submitted,

By: /s/ *Tina Wolfson*

Tina Wolfson (SBN 174806)
twolfson@ahdootwolfson.com
**AHDOOT & WOLFSON, PC**
2600 W. Olive Ave. Suite 500
Burbank, CA 91505
Tel: (310) 474-9111
Fax: (310) 474-8585

Jean S. Martin *(admitted pro hac vice)*
jmartin@awkolaw.com
**AYLSTOCK, WITKIN,**
**KREIS & OVERHOLTZ PLC**
17 East Main Street, #200
Pensacola, Florida 32502
Tel: (850) 266-2893
Fax: (850) 916-7449

William J. Edelman (SBN 285177)
wedelman@milberg.com
**MILBERG, PLLC**
280 South Beverly Drive, Penthouse
Beverly Hills, CA 90212
(771) 474-1121

*Plaintiffs' Interim Co-Lead Counsel*

**L.R. 11-6.2 Certificate of Compliance**

The undersigned counsel certifies that this memorandum contains 684 words and complies with the word limit of L.R. 11-6.1.

Dated: May 8, 2026

/s/ *Tina Wolfson*
Tina Wolfson