Anthony J Weibell (SBN 238850)
*aweibell@mayerbrown.com*
Nina He (SBN 346294)
*nhe@mayerbrown.com*
**MAYER BROWN LLP**
Two Palo Alto Square, Suite 300
Palo Alto, CA 94306
Telephone: (650) 331-2030

Sophia M. Mancall-Bitel (SBN 337002)
*smancall-bitel@mayerbrown.com*
Sarah A. Hsu (SBN 348402)
*shsu@mayerbrown.com*
**MAYER BROWN LLP**
333 S. Grand Ave., 47th Floor
Los Angeles, CA 90071
Telephone: (213) 229-9500

Edith Ramirez (SBN 165872)
*edith@eramirezlaw.com*
119 E. Union Street, Suite C
Pasadena, CA 91103
Telephone: (202) 322-2255

*Attorneys for Defendants*
*Google LLC and YouTube LLC*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

In re Disney Worldwide Services COPPA Litigation

Case No.: 2:25-cv-08410-GW-RAO

**DEFENDANTS GOOGLE LLC AND YOUTUBE LLC'S REPLY IN SUPPORT OF REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFFS' CONSOLIDATED COMPLAINT**

Judge: Hon. George H. Wu
Date: June 15, 2026
Time: 8:30 a.m.
Place: Courtroom 9D

Action Filed: October 16, 2025
Trial Date: None

## INTRODUCTION

Plaintiffs' Objections ("Objections" or "Obj.") confirm that Google's Request for Judicial Notice ("RJN") should be granted in whole because Plaintiffs agree that all of Google's sources may be considered for certain purposes and do not identify a single instance where Google allegedly cited any source for an improper purpose. Moreover, Plaintiffs do not address, and thus concede, Google's argument that Exhibits A–G and the YouTube video linked in the Declaration of Sarah A. Hsu ("Hsu Decl.") in Support of Google's RJN are incorporated by reference into their Complaint and may therefore be considered on Google's Motion to Dismiss ("Motion" or "Mot.").

### I. PLAINTIFFS CONCEDE THAT EXHIBITS A–G AND THE YOUTUBE VIDEO LINKED IN THE HSU DECLARATION ARE INCORPORATED BY REFERENCE INTO THE COMPLAINT.

Google's RJN explained that each of the exhibits to the Hsu Declaration, and the YouTube video linked therein, Hsu Decl. ¶ 10, are incorporated by reference into Plaintiffs' Complaint. RJN at 3. Plaintiffs ignore this argument, focusing their Objections on the general standard for judicial notice. *See generally* Obj. Having failed to respond, Plaintiffs concede that the RJN should be granted on incorporation-by-reference grounds. *See Walsh v. Nev. Dep't of Hum. Res.*, 471 F.3d 1033, 1037 (9th Cir. 2006) (plaintiff who fails to address arguments in opening brief "effectively abandon[s]" the claim); *Carlin v. Bank of Am.*, 2025 WL 1844217, at *5 (C.D. Cal. Mar. 27, 2025) (failure to respond waives arguments in response). Therefore, the Court may find that every exhibit to the Hsu Declaration, and the YouTube video linked therein, is incorporated by reference into the Complaint and assume that its contents are true for purposes of Google's Motion. *See Davis v. HSBC Bank Nevada, N.A.*, 691 F.3d 1152, 1160 (9th Cir. 2012) (under incorporation by reference doctrine, "[a] court 'may treat such a document as part of the complaint, and thus may assume that its contents are true for purposes of a motion to dismiss under Rule 12(b)(6)'") (citation omitted).

## II. THE FTC COURT FILINGS ARE JUDICIALLY NOTICEABLE (EXHIBITS A–C).

Plaintiffs do not oppose judicial notice of Exhibits A–C "for the limited purpose of establishing the existence of those filings, the facts of the proceedings, and the terms of the orders entered." Obj. at 1. Those are precisely the purposes for which Google cites them. *See* Dkt. No. 61 (Mot.) at 3 (citing existence and terms of Hsu Ex. A, 2019 FTC Order), 3–4 (citing existence and terms of Hsu Ex. B, FTC Disney Complaint), 7 (citing language in Hsu Ex. B, FTC Disney Complaint), 4 (citing existence and terms of Hsu Ex. C, Disney Order). While Plaintiffs assert that Google "may not rely on" these documents "to import its own version of contested facts into the pleadings analysis," they do not identify a single instance of Google supposedly doing so. Obj. at 1. The Court may thus take judicial notice of Exhibits A–C for all purposes for which they are cited in Google's Motion. *See Bodenburg v. Apple Inc.*, 146 F.4th 761, 768 n.2 (9th Cir. 2025) (judicial notice proper where "accuracy" of relevant documents is undisputed); *Cooney v. Dwyer*, 2025 WL 1823957, at *1 n.1 (9th Cir. July 2, 2025) (taking judicial notice of court records).[1]

## III. THE YOUTUBE SOURCES ARE JUDICIALLY NOTICEABLE (EXHIBITS D–G AND LINKED YOUTUBE VIDEO).

Plaintiffs also agree that Exhibits D–G are judicially noticeable "for the narrow fact that certain webpages existed and displayed certain text at the cited URLs" and fail to identify a single instance where Google relied on one of these sources for any other purpose. Obj. at 1–2. Instead, they protest generally that "dynamic corporate webpages [] may change over time and are susceptible to competing interpretations" and that judicial notice cannot be used to "support Google's preferred factual narrative." *Id.* at 2. But Plaintiffs identify no change on any page, no specific interpretation they contest, no case denying judicial notice of a webpage on this basis, and no instance of Google relying on a disputed

---

[1] Plaintiffs' cases are inapposite because they address situations where the district court went beyond the permissible bounds of judicial notice by drawing unsupported factual inferences or relying on the truth of disputed factual statements in the materials. *See Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 999–1001 (9th Cir. 2018); *Lee v. City of Los Angeles*, 250 F.3d 668, 690 (9th Cir. 2001).

fact. *See id.* In fact, courts in the Ninth Circuit routinely take judicial notice of webpages and their contents. *See, e.g.*, *Wallster, Inc. v. Redbubble, Inc.*, 2022 WL 17371051, at *1 n.1 (C.D. Cal. Oct. 21, 2022) (judicial notice of defendant's online user agreement and intellectual property policy); *Matera v. Google Inc.*, 2016 WL 5339806, at *7 (N.D. Cal. Sept. 23, 2016) (judicial notice of Google's terms of service and privacy policy).

Nor is Plaintiffs' putative concern about the websites' purported susceptibility to "competing interpretations" or Google's alleged use of them to "support" its "factual narrative" credible when Plaintiffs themselves cite all of the same sources to support their own factual narrative. *See* Compl. ¶ 33 n.9 (Hsu Ex. D); *id.* ¶ 113 n.41 (YouTube video, Hsu Decl. ¶ 10); *id.* ¶ 126 n.47 (Hsu Ex. E); *id.* ¶ 147 n.49 (Hsu Ex. F); *id.* ¶¶ 109 n.40, 115 n.42, 147 n.49 (citing YouTube Help Center, which is the source of Hsu Ex. G). Because Plaintiffs cannot plausibly question the accuracy of Exhibits D–G and the YouTube video, Hsu Decl. ¶ 10, the Court may take judicial notice of them.[2] *See Castagnola v. Hewlett-Packard Co.*, 2012 WL 2159385, at *7 (N.D. Cal. June 13, 2012) (plaintiffs who cite defendant's webpages in their complaint cannot dispute accuracy or authenticity of the webpages).

## IV. THE EXISTENCE OF YOUTUBE KIDS VIDEOS AND YOUTUBE CHANNELS IS JUDICIALLY NOTICEABLE.

Finally, as to the YouTube Kids videos and YouTube channels, *see* Hsu Decl. ¶ 11, Plaintiffs admit that the Court may judicially notice "the fact that the videos appeared at identified URLs and contained certain visible material on the page." Obj. at 2. This is exactly what Google requested. *See* RJN at 4 ("The Court may take judicial notice of the existence of the YouTube Kids videos and YouTube channels linked in the Hsu Declaration[.]"). Thus, the Court may judicially notice the existence of these videos and channels.

[2] Again, Plaintiffs' cases are inapposite. *See supra* n.1; *Japanese Vill., LLC v. Fed. Transit Admin.*, 843 F.3d 445, 454 (9th Cir. 2016) (declining to take judicial notice of documents from a website because they were "already in the appellate record").

## **CONCLUSION**

For the foregoing reasons, Google respectfully requests that the Court grant Google's Request for Judicial Notice in its entirety.

Dated: May 29, 2026

Respectfully submitted,

MAYER BROWN LLP

By: */s/ Anthony J Weibell*
Anthony J Weibell

Attorney for Defendants
GOOGLE LLC AND YOUTUBE LLC